MILLS, Judge.
Ms. Ganey was injured when she fell from a ramp while descending from an amusement ride. Summary judgment on liability was entered in her favor. At the jury trial on damages, her treating physician testified that she had a lumbosacral sprain with a resulting permanent disability of between five percent and ten percent of the body as a whole. The jury returned a verdict of $15,000 for Ms. Ganey.
Goodings moved for a new trial on the ground that it was surprised by the physician’s trial testimony of permanent disability because at no time during pretrial discovery did the physician indicate or imply that Ms. Ganey suffered a permanent disability. As a result, Goodings alleged it did not move to have Ms. Ganey examined by another physician, it was denied the opportunity of effective cross examination, and it was denied the opportunity to offer rebuttal testimony.
The trial court granted the motion for new trial. Ms. Ganey appeals. We reverse.
Ms. Ganey alleged in her complaint that her injuries were permanent and continuing in nature. Although the doctor stated in his deposition that Ms. Ganey would be all right and would have no further problems, he also stated that the ligaments and muscles of Mrs. Ganey’s low back were weakened and she might have problems with her job. At no time during the deposition did Goodings ask the doctor if Ms. Ganey suffered a permanent disability. Although Goodings was given the right to move for an independent physical examination [Fla.R.Civ.P. 1.360(a)], it did not choose to do this. Under these circumstances, Goodings cannot claim surprise.
There is no merit in Goodings’ argument that the trial court’s order must be affirmed because the court also granted Goodings a new trial on the ground that the verdict was excessive and Ms. Ganey did not assign this as error. The trial court stated that “Upon the Court suggesting a remittitur of $7,500.00 because the original award shocked judicial conscience, counsel for plaintiff announced his client would not accept such a remittitur.” The statement by the trial court amounted to no more than a suggestion, not an order. The court did not order a remittitur nor did it order a new trial upon Ms. Ganey’s refusal to accept the remittitur.
We reverse and remand this ease for reinstatement of the judgment rendered for Ms. Ganey on 16 September 1976 and for reinstatement of the order assessing her costs rendered on 11 October 1976.
BOYER and ERVIN, JJ., concur.