413 So.2d 170 (1982)
A. Wayne LAFFERTY, Appellant,
v.
Mildred Cart LAFFERTY a/K/a Mildred C. Lafferty, Appellee.
No. 81-1784.
District Court of Appeal of Florida, Second District.
April 30, 1982.
George P. Kickliter, Tampa, for appellant.
Charles F. Clark and Ted R. Manry, III, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
GRIMES, Judge.
The husband appeals from an order awarding attorney's fees and costs to his ex-wife for her successful prosecution of a motion for contempt based on the husband's failure to pay alimony.
The only point which requires discussion is the husband's contention that the court improperly ordered him to pay the wife, as part of her costs, $800 for the expert witness fee of her accountant. The colloquy before the court on this subject indicates that in preparation for the contempt hearing the husband had retained a bookkeeper to review his records with a view toward the bookkeeper testifying that he could not afford to pay the back alimony. Counsel for the wife then employed an accountant to review the doctor's records and to testify in opposition. The accountant worked on the case for twenty hours, including three and one half hours in court, and charged $40 an hour.
The husband now asserts that the court could not tax the costs of this expert witness without first taking testimony with respect to whether his charge was a reasonable fee. He cites Posner v. Flink, 393 So.2d 1140 (Fla. 3d DCA), petition for review denied, 402 So.2d 612 (Fla. 1981), in which the court held that as in the case of attorney's fees it was necessary to conduct an evidentiary hearing in order to determine the reasonable fee of any expert witness. In reaching its decision, the court there relied upon section 92.231, Florida Statutes (1981), which is the only statute on the subject pertaining to civil actions. *171 However, while that section authorizes the court to tax expert witness fees, it does not specify the manner in which this is to be done.
Implicit in the rule that an attorney's fee must always be proved through the presentation of testimony is that such a requirement is necessary to maintain the image of lawyers in the eyes of the public. Moreover, a claim for attorney's fees is substantive in nature in that it entails a recovery for services rendered while the expert witness is compensated for testifying. While tradition cannot serve to make proper an otherwise illegal practice, the court in this case followed the customary method of determining expert witness fees. See, e.g., Aetna Casualty & Surety Co. v. Florida Power & Light Co., 367 So.2d 1104 (Fla. 3d DCA 1979), in which the court upheld an expert witness fee of $11,624.76 based upon invoices submitted by the witness. The impracticalities of requiring testimony in every instance are obvious. This would mean that the court could not tax a doctor's expert witness fee in favor of the prevailing party in the ordinary personal injury action without taking testimony on what constituted a reasonable fee. To pursue this line of thought to its reasonable conclusion, the doctor who testified concerning the reasonableness of the fee would then be entitled to an expert witness fee to be set by further expert testimony.
In order to avoid the possibility of abuse, we hold that upon the specific objection to the setting of an expert witness fee without an evidentiary hearing, the prevailing party will have to present testimony concerning the necessity and reasonableness of the fee. If no specific objection is made, as in the instant case, we believe the judge has the authority to set the amount of the expert witness fee based upon his experience in these matters together with his observation of the witness's testimony or his review of the record. We hereby recede from any implication to the contrary which may be contained in our opinion in Lyle v. Lyle, 167 So.2d 256 (Fla. 2d DCA), cert. denied, 172 So.2d 601 (Fla. 1964).
AFFIRMED.
HOBSON, A.C.J., and DANAHY, J., concur.