526 So.2d 719 (1988)
Mary Rose SULLIVAN, Appellant,
v.
Rosario A. MUSELLA, M.D., and R.A. Musella, M.D., Facs, P.A., Appellees.
Nos. 87-716, 87-1986.
District Court of Appeal of Florida, Second District.
May 13, 1988.
Rehearing Denied June 17, 1988.
*720 William F. Blews of Blews and Associates, P.A., St. Petersburg, for appellant.
Thomas Saieva of Saieva and Walsh, Tampa, for appellees.
FRANK, Judge.
Sullivan, the plaintiff in a medical malpractice action, has appealed from a final judgment in favor of Musella, a physician, and from a subsequent final judgment assessing costs against her. We have considered and rejected Sullivan's contentions deriving from the cross-examination of Musella's expert witness and the jury selection procedure. Our discussion focuses solely on the taxation of costs.
After prevailing in the underlying malpractice case, Musella filed a motion to tax costs and, prior to the hearing, provided Sullivan with statements for incurred costs. Sullivan did not respond to the motion and the supporting documentation served upon her on January 22, 1987. A hearing did not occur until May 26, 1987. During the four-month interval, Sullivan remained silent and offered no objection, either specific or general, to the costs Musella sought to tax.
It is our view that Sullivan's failure to lodge specific written objections to the costs prior to the scheduled hearing is of controlling significance. At the commencement of the hearing, Sullivan expressed a general objection to the taxation of costs and then interposed specific objections to various items. The court heard the arguments of counsel concerning the cost statements and then accepted, rejected, or modified the amounts before entering its final judgment. Sullivan challenges this procedure claiming that the court erred in entering the cost judgment absent an evidentiary hearing. In support of her argument she calls to our attention language found in our decision in Lafferty v. Lafferty, 413 So.2d 170, 171 (Fla.2d DCA 1982):
In order to avoid the possibility of abuse, we hold that upon the specific objection to the setting of an expert witness fee without an evidentiary hearing, the prevailing party will have to present testimony concerning the necessity and reasonableness of the fee.
Of further interest are the following qualifying statements in Lafferty:
If no specific objection is made, as in the instant case, we believe the judge has the authority to set the amount of the expert witness fee based on his experience in these matters together with his observation of the witness's testimony or his review of the record.
413 So.2d at 171.
The Lafferty language upon which Sullivan relies is inapplicable in the present setting. She did not object to the conduct of the proceeding without an evidentiary hearing. Furthermore, her objections to certain individual cost items did not surface until the scheduled hearing was well under way, even though she was afforded ample time after service of Musella's motion to frame and furnish those objections before the hearing. Thus, the trial judge acted well within his discretion in setting expert witness fees based upon his experience, his *721 observation of the witness, his knowledge of the range of fees generally charged in this type of case, and his review of the record. See Lafferty; Baker v. Varela, 416 So.2d 1190 (Fla. 1st DCA 1982).
We note that the First District has spoken concerning the preferred procedure for the orderly taxation of costs. This includes service of the motion to tax costs, together with supporting statements and affidavits, upon the opposing party "a reasonable time before the court enters the final judgment or decree, so that there will be sufficient time for the latter party to file any objections he may have to all or any part of such itemization and for the court to hear and adjudicate such items by the time it enters the final judgment or decree." Burnett v. Burnett, 197 So.2d 854, 857 (Fla. 1st DCA 1967).
Sullivan, having stood mute until the commencement of the hearing, waived her objection to the procedure employed by the trial court. We find no abuse of discretion or error in the awarded costs and we affirm the judgment for costs as well as the final judgment.
RYDER, A.C.J., and LEHAN, J., concur.