DOWNEY, Judge.
Lester K. Roy sued American Cyanamid Company in a products liability case and recovered a verdict and judgment for compensatory and punitive damages, although the latter damages were reversed on appeal. After the termination of the appellate proceedings, Roy called up for hearing his pending motion to tax costs, which was partially heard and continued to a later date. At the later reconvened hearing appellant objected to the trial court taxing expert witness fees without any evidence being adduced relative to the necessity and reasonableness of the charges. Appellant contends that it had made this same objection at the original hearing; however, there is no transcript of said hearing. Nevertheless, the trial court taxed the costs and fees for the expert witnesses.
The rule in Florida controlling the taxation of costs for expert witness fees is set forth in Lafferty v. Lafferty, 413 So.2d 170, 171 (Fla. 2d DCA 1982), wherein the court stated:
[W]e hold that upon the specific objection to the setting of an expert witness fee without an evidentiary hearing, the prevailing party will have to present testimony concerning the necessity and reasonableness of the fee. If no specific objection is made, as in the instant case, we believe the judge has the authority to set the amount of the expert witness fee based upon his experience in these matters together with his observation of the witness’s testimony or his review of the record.
Lafferty was followed in American Indemnity Co. v. Comeau, 419 So.2d 670 (Fla. 5th DCA 1982). See also Cohen v. Coken, 400 So.2d 463 (Fla. 4th DCA 1981); Neimark v. Abramson, 403 So.2d 1057 (Fla. 3d DCA 1981).
In view of the foregoing, it is apparent that the trial court should have required Roy to adduce evidence to support the value of the expert services prior to taxing costs.
Appellant contends that, in reversing, we should direct the trial court to deny that part of the motion to tax costs of expert witness fees and expenses because the ap-pellee had his chance to prove them up properly and failed and is not entitled to a second shot at it. However, considering the totality of the circumstances surrounding the post-trial hearings on the motion to tax costs, it appears to us that the ends of justice will be better served by remanding the cause for a proper evidentiary hearing on said motion.
Accordingly, the order appealed from is reversed and the cause remanded for further consideration consistent with this opinion.
WARNER, J., and WESSEL, JOHN D., Associate Judge, concur.