PARKER, Acting Chief Judge.
Betty-Jo Catalano, the former wife, challenges the trial court’s order denying in part her motion for attorney’s fees and costs. The trial court awarded Mrs. Cata-lano all of her attorney’s fees and all of her costs except for the $4000 fee charged by the accountant hired by Mrs. Catalano to examine financial documents produced by Ronald P. Catalano, the former husband, in support of his motion for a change in child custody and a reduction in child support. The sole basis for the trial court’s denial of the accountant’s fee was that the accountant did not testify at the hearing on Mrs. Catalano’s motion. We affirm the trial court’s order to the extent that it awards Mrs. Catalano her attorney’s fees and costs. However, because Mr. Catala-no did not enter a specific objection to the accountant’s fee before the start of the hearing, we reverse the denial of an award for this cost.
Mrs. Catalano served her initial motion for attorney’s fees and costs shortly after Mr. Catalano filed his motion for modification of custody and child support. Mr. Catalano objected to any award, arguing that he had not been given an accounting of all fees and costs incurred by Mrs. Catalano as required by the trial court. Mrs. Catalano served her amended motion for attorney’s fees and costs in May 2000. Attached to the amended motion were her attorney’s itemized billing statements and an itemized list of the costs incurred. Mrs. Catalano set the hearing on her motion for July 2000. During the two-month period between the service of the motion and the hearing, Mr. Catalano made no general or specific objections to any of the attorney’s fees or costs sought by Mrs. Catalano.
*1148 At the hearing, Mrs. Catalano testified to her fee arrangement with her attorney. Mrs. Catalano’s attorney testified under oath as to his fee arrangement with the accountant. Mr. Catalano cross-examined Mrs. Catalano’s attorney about his fee arrangement with the accountant; however, Mr. Catalano never requested the opportunity to question the accountant. After Mrs. Catalano presented her evidence, Mr. Catalano testified to his financial situation and his ability to pay Mrs. Catalano’s fees and costs. He also testified that he had paid his accountant $3800 for the work done for the hearing on his motion to reduce his child support.
After the evidentiary portion of the hearing, the trial court allowed both attorneys to make summation arguments. During his summation argument, Mr. Ca-talano objected for the first time to Mrs. Catalano’s claim for her accountant’s fee on the grounds that her accountant did not testify at the hearing. Mr. Catalano admitted that he had not objected before the hearing to any of the fees and costs sought by Mrs. Catalano after she provided the accounting. Mrs. Catalano immediately sought to continue the hearing so that she could arrange for her accountant to testify. The trial court denied this request for continuance and then denied Mrs. Catala-no’s claim for her accountant’s fee based solely on the fact that her accountant had not testified at the hearing. We conclude that this was error.
In Lafferty v. Lafferty, 413 So.2d 170, 171 (Fla. 2d DCA 1982), this court set forth the requirements for evidentiary hearings regarding expert witness fees:
[Ujpon the specific objection to the setting of an expert witness fee without an evidentiary hearing, the prevailing party will have to present testimony concerning the necessity and reasonableness of the fee. If no specific objection is made, as in the instant case, we believe the judge has the authority to set the amount of the expert witness fee based upon his experience in these matters together with his observation of the witness’s testimony or his review of the record.
Thus, it is the objection to the expert’s fee, not the claim for the fee, that triggers the need for an evidentiary hearing.
In addition, the Lafferty ruling contemplates that the objection to the expert’s fee will be made before the evidentiary hearing. Sullivan v. Musella, 526 So.2d 719, 720-21 (Fla. 2d DCA 1988). In the Sullivan case, Musella, the prevailing defendant, filed a motion to tax costs and provided Sullivan with statements for the costs incurred. Id. at 720. The hearing on Musella’s motion was scheduled to take place four months later. Id. During that four-month period, Sullivan did not make any objections, either specific or general, to the costs Musella sought to tax. Id. For the first time at the hearing on Musel-la’s motion, Sullivan made general objections to the taxation of costs and specific objections to various individual cost items. Id. After the court entered a judgment for costs, Sullivan appealed, alleging that the trial court had improperly entered a cost judgment without an evidentiary hearing. Id. This court affirmed the cost judgment, stating:
[Sullivan’s] objections to certain individual cost items did not surface until the scheduled hearing was well under way, even though she was afforded ample time after service of Musella’s motion to frame and furnish those objections before the hearing. Thus, the trial judge acted well within his discretion in setting expert witness fees based on his experience, his observation of the witness, his knowledge of the range of fees generally *1149 charged in this type of case, and his review of the record.
Id. at 720-21.
Under Lafferty and Sullivan, a specific objection to a specific cost is necessary before the party moving for costs is on notice that an evidentiary hearing is required. In this case, no objection to the accountant’s fee was made before the hearing. Therefore, Mrs. Catalano was not on notice that her accountant’s testimony was required at the hearing. Accordingly, the trial court should not have denied her an award of this cost based solely on the lack of the accountant’s testimony. Moreover, because no objection to this cost was made before the hearing, the trial court should have awarded a reasonable accountant’s fee based on the court’s experience, knowledge, and review of the record.
Considering the circumstances of this case as reflected by the record, the fee requested by Mrs. Catalano for her accountant was both a reasonable and necessary one. See § 61.16(1), Fla. Stat. (2000) (allowing the court to make awards for attorney’s fees and costs that are both reasonable and necessary). The record reflects that Mr. Catalano was the sole shareholder and president of an S-corporation. His petition for modification sought a reduction in child support due, in part, to an alleged change in his financial circumstances. Because of the nature of an S-corporation, a large portion of the testimony at the modification hearing dealt with how much of Mr. Catalano’s income was “hidden” in the S-corporation. Given this situation, we do not question Mrs. Catala-no’s need to employ an accountant to review Mr. Catalano’s financial records and information before the modification hearing.
Further, we have reviewed the transcript of the modification hearing. At that hearing, Mrs. Catalano’s accountant testified at length to his review and analysis of Mr. Catalano’s financial records. He also created tables and charts, which were admitted into evidence, reflecting comparisons of some of the financial information. Mr. Catalano’s accountant also testified at length about his review and analysis of Mr. Catalano’s financial situation. It is clear from the transcript of the hearing that Mrs. Catalano’s accountant did a comparable amount of work to that done by Mr. Catalano’s accountant, to whom Mr. Cata-lano paid $3800. Therefore, there is sufficient record evidence to establish that the $4000 fee for Mrs. Catalano’s accountant was reasonable. Based on this record evidence, we find the $4000 fee both reasonable and necessary and direct the trial court to enter an award of $4000 in favor of Mrs. Catalano for her accountant’s fee.
Affirmed in part; reversed in part and remanded with directions to the trial court to enter a cost award of $4000 in favor of Mrs. Catalano.
CASANUEVA, J., and SCHEB, JOHN M., (Senior) Judge, concur.