PLEUS, JR., Senior Judge.
 

 This is an appeal from a final judgment awarding attorney’s fees, paralegal’s fees and costs to Thomas Colman and Gail Col-man (Buyers), and against The Landmark Winter Park, LLC (Seller). We find no abuse of discretion by the trial court with respect to the award of attorney’s fees and paralegal’s fees and affirm as to those awards.
 
 See Hinkley v. Gould, Cooksey, Fennell, O’Neill, Marine, Carter & Hafner, P.A.,
 
 971 So.2d 955 (Fla. 5th DCA 2007). We remand the judgment, however, as it concerns the award of costs.
 

 The Statewide Uniform Guidelines For Taxation of Costs in Civil Actions expressly states that the Guidelines are advisory only and that the taxation of costs in any particular proceeding is within the broad discretion of the trial court. However, appellate courts have consistently held that certain costs and expenses are not taxable because they are considered overhead.
 
 See In re Amendments to Uniform Guidelines for Taxation of Costs,
 
 915 So.2d 612 (Fla.2005);
 
 Robbins v. McGrath,
 
 955 So.2d 633 (Fla. 1st DCA 2007);
 
 compare Weeks v. Golden,
 
 846 So.2d 1247 (Fla. 1st DCA 2003) (finding that the general rule as to treating postage, envelopes and copying as overhead and not taxable as costs did not apply where the prevailing party was incarcerated and representing himself; thus, the cost of such items was not a normal incident of the litigant’s business overhead and more likely were incurred specifically for the purposes of the litigation);
 
 Noel v. Broward Gen. Med. Ctr.,
 
 725 So.2d 438 (Fla. 4th DCA 1999) (finding that the trial court was within its broad discretion to tax those items used neither at trial nor to support a motion for summary judgment if the court concluded that the taking of such depositions was “reasonably necessary,” and where the appellants failed to identify the specific costs they claimed were not reasonable or necessary).
 

 It was the Buyers’ burden to show that all requested costs were reasonably necessary either to defend or prose
 
 *789
 
 cute the case at the time the action precipitating the cost was taken.
 
 In re Amendments to Uniform Guidelines for Taxation of Costs,
 
 915 So.2d at 616;
 
 see also Ocean Club Cmty. Ass’n, Inc. v. Curtis, 9
 
 35 So.2d 513 (Fla. 3d DCA 2006). The Buyers offered no testimony as to why the costs requested should not be treated as overhead and taxed to Seller contrary to the established case law.
 

 We conclude it was improper for the trial court to tax the following overhead costs to the Seller: postage, online research, facsimile charges, courier services, photocopies, scanning documents and trial supplies. Although the Seller contested costs billed to the clients for parking, overtime paralegal work, after-hours heating and air conditioning, mileage, meals and long distance phone calls, it appears these charges were deducted from the amount requested in the attorney’s fee affidavit and were not part of the final award. If not, on remand, these costs should be deducted. The trial court, however, did not abuse its discretion by taxing Seller for the court reporter’s fees for the depositions not used at trial in light of the fact that the Guidelines expressly state that the court reporter’s per diem
 
 for all depositions
 
 can be taxed. Additionally, the cost of photocopies for the trial exhibits is taxable under the Guidelines.
 
 See Vogel v. Allen,
 
 443 So.2d 368 (Fla. 5th DCA 1983) (holding that photo copies were part of normal office expenses of counsel and were not recoverable, except for a copy of the city map of Bunnell as it may have been relevant demonstrative evidence).
 

 We affirm the award of attorney’s fees and paralegal’s fees. We remand for the trial judge to reconsider the award of costs. We are unable to determine from the record the precise amount of the items which should not have been taxed. The trial court should deduct the amount of any costs taxed for postage, online research, facsimile charges, courier services, photocopies, scanning documents and trial supplies, as well as parking, overtime paralegal work, after-hours heating and air conditioning, mileage, meals and long distance phone calls, if not already deducted, and enter an amended judgment.
 

 AFFIRMED IN PART; REMANDED FOR ENTRY OF AMENDED JUDGMENT.
 

 SAWAYA and ORFINGER, JJ., concur.