On Motion for Rehearing
 

 LEVINE, J.
 

 We grant the motion for rehearing, withdraw our prior opinion issued on February 16, 2011, and substitute this opinion in its place.
 

 The issue presented in this appeal is whether the trial court abused its discretion by ordering a new trial to permit appellee to present witness testimony that had been excluded by the court during trial. We find no abuse of the trial court’s discretion in reconsidering its prior order excluding the witness’s testimony, and we affirm.
 

 Appellee was injured in a motor vehicle accident. Appellant admitted to negligence, and the matter proceeded to trial on the issue of damages. At trial, appellee wanted to introduce the testimony of her treating physician, Dr. Theofilos. Appellant objected to a portion of Dr. Theofilos’s testimony regarding whether appellee sustained a permanent injury on the basis that his testimony constituted an expert opinion, which would have required appel-lee to notify appellant of the opinion before trial pursuant to Rule 1.280(b)(4). The trial court found that the non-disclosure of Dr. Theofilos’s permanency opinion during discovery constituted “trial by ambush,” and the court excluded that portion of Dr. Theofilos’s testimony.
 

 After the jury determined that appellee sustained no permanent injury, appellee filed a motion for new trial and once again reiterated her position that she was not required to disclose Dr. Theofilos’s opinion in the course of discovery. At the motion hearing, appellant’s counsel conceded that the “issue ... isn’t whether Theofilos is to be considered an expert witness or a treating physician.” Instead, appellant’s counsel argued that appellant was prejudiced in her ability to mount a defense because she had no notice of the substance of Dr. Theo-filos’s testimony. The trial court found that appellee disclosed sufficient information in discovery to put appellant on notice that Dr. Theofilos might testify about the permanency of appellee’s injuries. Thus, the court determined that its original decision to exclude Dr. Theofilos’s testimony regarding permanency of the injury was erroneous. The court granted appellee a new trial, and this appeal ensues.
 

 We review the trial court’s order granting a new trial for an abuse of discretion.
 
 Brown v. Estate of Stuckey,
 
 749 So.2d 490, 497-98 (Fla.1999).
 

 Appellant argues on appeal that Dr. Theofilos’s opinion on permanency constitutes expert testimony as a matter of law. As such, appellant claims that the opinion should have been disclosed in discovery. Rule 1.280(b)(4), governing discovery of expert witnesses, provides that a party is entitled to the “facts known and opinions held by experts ... acquired or developed in anticipation of litigation or for trial.”
 

 We need not decide whether Dr. Theofi-los’s permanency opinion in this case constituted expert testimony, and we decline appellant’s invitation to hold that a permanency opinion is always formulated in anticipation of litigation.
 
 [1]
 
 The trial court’s
 
 *1080
 
 initial decision to exclude Dr. Theofilos’s testimony and its decision to grant a new trial were both motivated by a fear of “trial by ambush.” The characterization of Dr. Theofilos as a fact witness or an expert witness was not dispositive. Thus, the issue in this appeal is whether appellant was prejudiced in her ability to mount a defense because she had no notice of the substance of Dr. Theofilos’s testimony. We agree with the trial court’s ruling on the motion for a new trial that appellant suffered no prejudice in this case.
 

 In
 
 Binger v. King Pest Control,
 
 401 So.2d 1310 (Fla.1981), the supreme court held that a trial court may exercise its discretion to exclude testimony from a witness not disclosed in discovery pursuant to a pretrial order. The trial court’s discretion is “guided largely by a determination as to whether use of the undisclosed witness will prejudice the objecting party.”
 
 Id.
 
 at 1314. “Prejudice” under
 
 Binger
 
 is “surprise in fact.”
 
 Id.
 
 In addition to prejudice, the supreme court instructed lower courts to consider other factors in exercising their discretion, including the following:
 

 (i) the objecting party’s ability to cure the prejudice or, similarly, his independent knowledge of the existence of the witness; (ii) the calling party’s possible intentional, or bad faith, noncompliance with the pretrial order; and (iii) the possible disruption of the orderly and efficient trial of the case (or other cases).
 

 Id.
 
 Exclusion of witness testimony, however, is a “drastic” remedy and should be invoked “only under the most compelling of circumstances.”
 
 Dep’t of Health & Rehab. Svcs. v. J.B. By & Through Spivak,
 
 675 So.2d 241, 244 (Fla. 4th DCA 1996).
 

 This court has held that “allowing parties at trial to substantially change the essential import of pretrial testimony of any kind without prior disclosure in discovery” presents the same kind of “surprise in fact” and should be analyzed using the same factors discussed in
 
 Binger. Menard v. Univ. Radiation Oncology Assocs., LLP,
 
 976 So.2d 69, 72 (Fla. 4th DCA 2008). Thus, a party’s attempt to introduce testimony at trial, the substance of which was not disclosed in discovery, may run afoul of
 
 Binger.
 

 In this case, the trial court’s pretrial order required the parties to exchange the “names and addresses of
 
 all potential
 
 fact witnesses, and a summary of the nature of their testimony.” Appellee listed Dr. Theofilos as a “[tjreating healthcare provider” on her expert witness list and explained that he would “testify as to the injuries sustained” by appellee. Appellee also expressed in her pleadings and interrogatories that she sustained a permanent injury, and another physician was permitted to offer a permanency opinion at trial without objection. Appellant was also provided with all of Dr. Theofilos’s medical records, containing all of the data upon which the doctor formed his permanency opinion. Thus, appellant was on notice that permanency would be an issue at trial and that appellee’s physicians might express an opinion on the lasting nature of her condition.
 
 See Scarlett v. Ouellette,
 
 948 So.2d 859 (Fla. 3d DCA 2007). Appellant was fully aware of Dr. Theofilos’s role in treating appellee, and appellee was not engaged in any bad faith tactics to hide this opinion.
 

 Moreover, appellant knew that appellee claimed a severe, chronic injury, but appel
 
 *1081
 
 lant chose not to depose the physician most recently treating that condition. Under such circumstances, the fault for any “surprise” at trial lies with appellant.
 
 See Ganey v. Goodings Million Dollar Midway, Inc.,
 
 360 So.2d 62 (Fla. 1st DCA 1978) (holding that a defendant was not entitled to a new trial when a plaintiffs physician rendered a permanency opinion at trial that had not been disclosed before trial). In any event, appellant’s claims of “surprise” are dubious, given that appellant’s counsel expressed at trial that he was “not surprised at all to hear that Dr. Theofilos found a permanent injury.”
 

 Accordingly, we find no abuse of discretion in the trial court’s decision to reconsider its decision to exclude Dr. Theofilos’s permanency testimony under
 
 Binger.
 
 Therefore, we affirm.
 

 Affirmed.
 

 POLEN and CIKLIN, JJ„ concur.
 

 [1]
 

 . In many circumstances, “a treating doctor ... while unquestionably an expert, does not acquire his expert knowledge for the purpose of litigation but rather simply in the course of attempting to make his patient well.”
 
 Frantz
 
 
 *1080
 

 v. Golebiewski,
 
 407 So.2d 283, 285 (Fla. 3d DCA 1981). Therefore, a treating physician is not generally classified as an expert witness.
 
 Id.
 
 Nevertheless, the rule is not absolute, and a treating physician may be deemed an expert in certain circumstances.
 
 Fittipaldi USA, Inc. v. Castroneves,
 
 905 So.2d 182, 186 (Fla. 3d DCA 2005).