NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


THE FIELD CLUB, INC.,                    )
                                         )
            Appellant,                   )
                                         )
v.                                       )        Case No. 2D14-4838
                                         )
ROBIN ALARIO and CHARLES                 )
ALARIO,                                  )
                                         )
            Appellees.                   )
_____)

Opinion filed December 9, 2015.

Appeal from the Circuit Court for Sarasota
County; Charles E. Williams, Judge.

Jesse R. Butler and Davis S. Preston of
Dickinson & Gibbons, P.A., Sarasota, for
Appellant.

Brandon S. Vesely of Keane, Reese,
Vesely & Gerdes, P.A., St. Petersburg, for
Appellees.


KHOUZAM, Judge.

            Following an incident in which Robin Alario sustained injuries when she

was struck in the head by a metal shutter on The Field Club, Inc.'s property, Robin and

her husband, Charles Alario, filed a negligence action against The Field Club.  A trial

was held and resulted in a jury verdict in favor of the Alarios.  They then moved for

costs as the prevailing party.  Though they requested a total of $133,918.54 in costs, the court ultimately awarded them $47,327.82.  The Field Club appeals the order and final judgment awarding costs to the Alarios, challenging the award on several grounds.  Because the trial court erred in awarding costs for "real-time" court reporting, overhead expenses, and expert witness fees, we reverse and remand for those portions of the costs award to be stricken by the trial court.

      I.        Real-Time Court Reporting

First, The Field Club challenges the trial court's award of $2601 for court reporter fees at trial, a portion of which were for "real-time" court reporting[1] during voir dire.  The Statewide Uniform Guidelines for Taxation of Costs in Civil Actions provide that "[r]easonable court reporter's per diem for the reporting of evidentiary hearings, trial and post-trial hearings" should be taxed, but the Guidelines do not provide for the taxation of "real-time" court reporting fees.  See Fla. R. Civ. P. app. II § I(E)(1); cf. Centex-Rooney Constr. Co. v. Martin Cty., 725 So. 2d 1255, 1262 (Fla. 4th DCA 1999) (reversing award of costs for daily trial transcripts and stating that "[w]hile most attorneys would agree that preparation for trial would be enhanced by daily transcription of the previous witnesses, it is not a cost that should be routinely taxed against an opponent").  And though the trial court does have the discretion to deviate from the Guidelines where it has been shown that the requested costs were reasonably necessary under the unique circumstances of the case, the trial court did not make any such findings here.  See Fla. R. Civ. P. app. II; Centex-Rooney, 725 So. 2d at 1262

_____

[1]Usually, the shorthand taken at a court proceeding is only translated into a full transcript after the fact.  "Real-time" court reporting, in contrast, utilizes a computer program to translate the stenography instantaneously and display readable text on a computer screen as the events unfold—akin to closed captioning on a television.

(noting that "a trial court may deviate from the guidelines costs where the facts of the case or justice may require" but reversing costs award where "there was no evidence that the daily or expedited transcripts were used at trial, nor did the court make any finding at all regarding the necessity of the expedited transcripts"). Accordingly, the portion of the $2601 that was awarded for "real-time" court reporter fees must be stricken.

II.    Overhead Expenses

Next, The Field Club challenges the trial court's award of $2665.27 in "miscellaneous taxable costs," including online investigation, preparation of Freedom of Information Act requests, background checks, overnight shipping costs, and the production of a DVD that was not used at trial.[2] The Guidelines do not provide for the taxation of these costs, and "appellate courts have consistently held that certain costs and expenses are not taxable because they are considered overhead." Landmark Winter Park, LLC v. Colman, 24 So. 3d 787, 788 (Fla. 5th DCA 2009). The costs at issue here are overhead, and therefore we conclude that the court erred in taxing them. See id. at 789 (reversing taxation of overhead costs, including "postage, online research, facsimile charges, courier services, photocopies, scanning documents and trial supplies"); Centex-Rooney, 725 So. 2d at 1262 (holding that the trial court erred in taxing overhead "expenses for supplies, rental equipment, shipping, photocopying, and faxing"); Fla. Dep't of Transp. v. Skidmore, 720 So. 2d 1125, 1130 (Fla. 4th DCA 1998) ("[T]he award of computer research costs was error, as such charges are overhead and not properly taxable as costs."). We do note that even though these expenses are not

---

[2]The "miscellaneous taxable costs" category also included a $250 interpreter fee, but The Field Club stipulated that this was a taxable cost.

typically taxable, the court had the discretion to award these costs if it found that they were reasonably necessary under the unique circumstances of this case. However, the trial court did not make any such findings here. Accordingly, $2665.27 of the award of "miscellaneous taxable costs" must be stricken.

III.    Expert Witness Fees

Finally, The Field Club challenges the court's award of $10,000 for the Alarios' expert witness fees and $2500 for the fees of Ms. Alario's treating doctor, Dr. Negroski. We agree that these awards were entered in error.

As a threshold issue, we note that Dr. Negroski could properly be considered an expert witness because, even though he was Ms. Alario's treating doctor, he also gave his expert opinions on her injuries and their significance. See § 92.231(2), Fla. Stat. (2015) ("Any expert or skilled witness who shall have testified in any cause shall be allowed a witness fee . . . and the same shall be taxed as costs."); Clair v. Perry, 66 So. 3d 1078, 1079 n.1 (Fla. 4th DCA 2011) ("[A] treating physician is not generally classified as an expert witness. Nevertheless, the rule is not absolute, and a treating physician may be deemed an expert in certain circumstances." (citations omitted)). Therefore, we address the award of Dr. Negroski's fee together with the award of the other expert witness fees.

Where a party specifically objects to setting an expert witness fee without the presentation of evidence, an evidentiary hearing must be held at which the prevailing party must present testimony on the reasonableness and necessity of the fee. Catalano v. Catalano, 802 So. 2d 1146, 1148 (Fla. 2d DCA 2001) (citing Lafferty v. Lafferty, 413 So. 2d 170, 171 (Fla. 2d DCA 1982)). The objection should be made

before the evidentiary hearing is held. Id. at 1148. Here, The Field Club filed a written response to the Alarios' motion to tax costs as well as an objection and memorandum of law in opposition to the Alarios' cost exhibit. In these pleadings, The Field Club emphasized that the Alarios had the burden to prove that all costs sought were necessary and reasonable and specifically argued that "[t]he Plaintiffs bear the burden of establishing that their expert costs are recoverable under the Guidelines, and that they were reasonable and necessary." This objection triggered the need for an evidentiary hearing, which the trial court held.[3] The Field Club reiterated its objection at the hearing. At this point, the Alarios had the opportunity and the burden to present competent evidence that their requested expert fees were both reasonable and necessary.

" 'The prevailing party's burden, at an evidentiary costs hearing, to recover an expert witness fee is "to present testimony concerning the necessity and reasonableness of the fee." ' " Oak Square Joint Venture v. U.S. Bank Nat'l Ass'n, 143 So. 3d 971, 972 (Fla. 1st DCA 2014) (quoting Gray v. Bradbury, 668 So. 2d 296, 298 (Fla. 1st DCA 1996)). That testimony "must come from witnesses qualified in the areas concerned." Id. (quoting Powell v. Barnes, 629 So. 2d 185, 186 (Fla. 5th DCA 1993)). The experts whose charges are at issue are qualified to provide this testimony as are other qualified experts in the same field who have reviewed the trial record. Id. But the testimony of an "omnibus witness" who is not proficient in each area of expertise—a trial attorney, for example—is by itself insufficient to support a claim for expert witness fees. Gray, 668 So. 2d at 298; Powell, 629 So. 2d at 185-86. Here, the Alarios failed to

---

[3]Though the transcript shows that no testimony was taken at the hearing, the trial court's order refers to it as an "evidentiary hearing."

present any competent testimony that the expert fees were reasonable and necessary. They relied solely on their trial attorney's affidavit asserting that all of the requested costs were "reasonable and related to" the Alarios' case against The Field Club. They did not present any testimony from expert witnesses qualified in the relevant fields.[4] Accordingly, the award of $12,500 for the Alarios' expert witness fees must be stricken. And because the Alarios already had one opportunity to present testimony but failed to do so, they are not entitled to another evidentiary hearing. See Powell, 629 So. 2d at 186.

We emphasize that the trial court has broad discretion in awarding costs. Indeed, the Guidelines explicitly provide that they are advisory only and that "[t]he taxation of costs in any particular proceeding is within the broad discretion of the trial court." Fla. R. Civ. P. app. II. Moreover, "[t]he trial court should exercise that discretion in a manner that is consistent with the policy of reducing the overall costs of litigation and of keeping such costs as low as justice will permit." Id. Any of the costs awarded in this case could have been appropriate if supported by clear findings by the trial court. But here there were no such findings, and thus we are constrained to reverse.

Reversed and remanded for the entry of an appropriate costs judgment.

LUCAS and BADALAMENTI, JJ., Concur.

---

[4]We note that typically this testimony would have been elicited at trial—indeed, it may have been presented at trial in this case. But if so, neither the Alarios nor the court made any reference to it in addressing the issue of costs. The trial transcript is not part of the record on appeal.