# Third District Court of Appeal

## State of Florida

Opinion filed February 17, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-277
Lower Tribunal No. 12-6054
_____

**Enzo Rojas,**
Appellant,

vs.

**Yagmerys Rodriguez,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Norma S. Lindsey, Judge.

Nancy Little Hoffman, (Fort Lauderdale), for appellant.

Michael J. Neimand, for appellee.

Before ROTHENBERG, SALTER and LOGUE, JJ.

LOGUE, J.

Plaintiff, Enzo Rojas, seeks review of the trial court's order granting defendant Yagmerys Rodriguez's motion for a new trial. Because the defendant did not make a timely Daubert[1] objection, we reverse.

The plaintiff was a passenger in an automobile that was struck by the defendant's vehicle. The defendant admitted liability and the case was tried on the issue of whether the plaintiff's herniated disc was caused by the accident. A neurosurgeon testified that the herniated disc was consistent with the twisting of the body that the plaintiff testified occurred when the vehicle spun after the impact. Defense counsel objected to the neurosurgeon's testimony on this point on the basis that "[i]t is outside of the scope of his expertise. He is not an accident reconstructionist, or a biomechanical expert." The objection was overruled. After the plaintiff rested his case, the defense moved "for mistrial based upon [the neurosurgeon] testifying as an accident reconstructionist expert, or biomechanical engineer, as he didn't have any of those qualifications." The trial court denied the motion. The defense renewed the motion before the jury returned.

The jury ultimately awarded the plaintiff $14,620.01 in past medical expenses, $59,050.00 for future medical expenses, $5,000.00 for past pain and suffering, and $15,000.00 for future pain and suffering. Following the delivery of the verdict, the defense once again renewed its motion, but again raised no Daubert

---

[1] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

objection. The trial court asked the defense to file a written motion so that the plaintiff could properly respond. The defendant then filed a "motion for mistrial/new trial and remittitur," asserting that the neurosurgeon's testimony was outside his area of expertise and trial by ambush, and for the first time, raising Daubert.

The trial court held a hearing and granted the motion with a citation to Perez v. Bell South Telecommunications, Inc., 138 So. 3d 492 (Fla. 3d DCA 2014) (holding that a physician's proposed testimony was inadmissible under the Daubert test). The plaintiff appealed, and with the defendant's agreement, subsequently sought and obtained a relinquishment of jurisdiction to allow the trial court to specify the grounds for its order. The amended order stated, in pertinent part, that the neurosurgeon's testimony was "outside his scope of expertise and inadmissible under Daubert," that the "[p]laintiff put on no other expert testimony as to causation," and "since the only issues in the case were causation and damages, [the neurosurgeon's] testimony, which should have been excluded, was clearly central to the jury's verdict finding in favor of [p]laintiff."

This appeal essentially hinges on whether the defendant's post-trial Daubert objection was timely so as to warrant the exclusion of the neurosurgeon's testimony. We hold that it was not. Under Florida law, "[e]xclusion of witness testimony . . . is a drastic remedy that should be invoked only under the most

3

compelling circumstances." Clair v. Perry, 66 So. 3d 1078, 1080 (Fla. 4th DCA 2011) (citation and quotations omitted). Although defendant argued post-trial and on appeal that the testimony was inadmissible under Daubert, and while the trial court based its ruling upon this alleged inadmissibility under Daubert, it is undisputed that the defendant failed to raise a Daubert objection or request a Daubert hearing prior to the conclusion of trial. This failure is fatal to the defendant's case, particularly in light of the fact that the defendant was on notice that the neurosurgeon would be an expert witness as early as December 11, 2013, when the plaintiff filed his expert witness list, over ten months before the October 27, 2014 start of trial. Despite this disclosure, the defendant took no steps to discover the basis of the neurosurgeon's opinion.

Moreover, it was incumbent upon the defendant, as the challenging party, to timely raise a Daubert objection and request a hearing before the trial court. See Booker v. Sumter Sheriff's Office/N. Am. Risk Svcs., 166 So. 3d 189, 192-93 (Fla. 4th DCA 2015). Given the trial court's role as "gatekeeper" in the Daubert context, it stands to reason that such an objection must be timely raised to allow the trial court to properly perform its role:

> The failure to timely raise a Daubert challenge may result in the court refusing to consider the untimely motion. See Feliciano–Hill v. Principi, 439 F.3d 18, 24 (1st Cir.2006) (explaining "[p]arties have an obligation to object to an expert's testimony in a timely fashion, so that the expert's proposed testimony can be evaluated with care"). See also Alfred v. Caterpillar, Inc., 262 F.3d 1083, 1087 (10th Cir. 2001)

4

(explaining that "because <u>Daubert</u> generally contemplates a 'gatekeeping' function, not a 'gotcha' junction [sic]," untimely <u>Daubert</u> motions should be considered "only in rare circumstances"); <u>Club Car, Inc.</u>, 362 F.3d at 780 ("A <u>Daubert</u> objection not raised before trial may be rejected as untimely.").

<u>Id.</u> at 193.

Here, there was no timely <u>Daubert</u> objection, nor is there any indication that exceptional circumstances existed to merit consideration of the defendant's untimely objection. As such, the trial court erred in granting the defendant's motion. Accordingly, we reverse the order on appeal and remand so that the trial court may reinstitute the jury's verdict. Because the defendant failed to make a timely <u>Daubert</u> objection, we do not reach the issue of whether the neurosurgeon's testimony would have been admissible under <u>Daubert</u>.

Reversed and remanded with instructions.