NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RAYMOND C. SANTA LUCIA, Ph.D.,  )
 )
      Appellant,  )
 )
v.  )     Case No. 2D15-4901
 )
FERNANDO R. DIAZ, M.D.; and  )
FLORIDA GULF-TO-BAY  )
ANESTHESIOLOGISTS ASSOCIATES, )
P.A.,  )
 )
      Appellees.  )
_____ )

Opinion filed August 25, 2017.

Appeal from the Circuit Court for
Pinellas County; Amy M. Williams,
Judge.

Melissa H. Powers of The Maher Law
Firm, P.A., Winter Park; and William E.
Hahn of William E. Hahn, P.A., Tampa,
for Appellant.

Michael R. D'Lugo and Linda S.
O'Connor of Wicker, Smith, O'Hara,
McCoy & Ford, P.A., Orlando, for
Appellees.


KELLY, Judge.

In this medical malpractice action, Raymond Santa Lucia appeals from the

cost judgment rendered after a jury verdict in his favor. He first contends the trial court

abused its discretion in excluding from the cost judgment fees for Lawrence Forman and Dr. Hartley Mellish, the experts who provided testimony on the specific economic losses he incurred as a result of his injuries. The appellees properly concede Santa Lucia is entitled to recover these fees to the extent he can establish the fees were reasonable and necessary. See Payne v. Spier, 562 So. 2d 440, 441 (Fla. 4th DCA 1990) (holding that the plaintiff was entitled to recover reasonable expert fees for a rehabilitation expert and economist).

Santa Lucia also argues the trial court erred by excluding expert witness fees for three physicians who testified during the trial. The trial court determined the doctors could not be considered experts because they had treated Santa Lucia. A treating doctor can be considered an expert where he provides expert opinion testimony. See Field Club, Inc. v. Alario, 180 So. 3d 1138, 1141 (Fla. 2d DCA 2015) (citing Clair v. Perry, 66 So. 3d 1078, 1079 n.1 (Fla. 4th DCA 2011)). Here, as the appellees properly concede, the trial court erred when it found that one of the treating doctors, Dr. John Bach, could not be considered an expert for the purposes of awarding fees. Dr. Bach was listed as an expert and in fact provided expert testimony. Accordingly, the trial court should have allowed Santa Lucia to recover a reasonable expert witness fee for his testimony. We agree with the appellees, however, that the trial court properly determined that Santa Lucia's remaining treating doctors could not be considered as experts for the purposes of awarding expert fees.

Accordingly, we reverse the final cost judgment and remand for an evidentiary hearing to determine the amount of reasonable fees to be awarded for Lawrence Forman, Dr. Mellish, and Dr. Bach.

Affirmed in part; reversed in part; and remanded with directions.


LUCAS and BADALAMENTI, JJ., Concur.