513 So.2d 1078 (1987)
FLORIDA POWER and LIGHT, Appellant,
v.
Reinhold FLICHTBIL, et al., Appellees.
No. 86-1369.
District Court of Appeal of Florida, Fifth District.
August 27, 1987.
Rehearing Denied October 14, 1987.
*1079 Barry R. Davidson and John W. Little, III, of Steel, Hector & Davis, Miami, for appellant.
Richard J. Geisert, Miami Beach, for appellees.
UPCHURCH, Chief Judge.
Florida Power and Light Company appeals an order awarding appraiser's fees to appellee Joe Miller in a condemnation action. The court below had no authority to award appraiser's fees and accordingly we quash the order.
In 1983, Florida Power and Light sought to condemn an easement across land in Putnam County for the construction of a transmission line. The respondents included the Millers, who own several parcels sought to be condemned. Joe Miller, an attorney and part owner of several parcels, appeared on behalf of the Millers. Miller retained a real estate broker to perform appraisal services. A settlement was eventually reached between Florida Power and Light and the Millers. The trial court awarded the Millers $40,250 for attorney's fees and $25,740 for appraiser's fees.
Florida Power and Light appealed the awards of attorney's fees and appraisal costs. Florida Power and Light Company v. Flichtbeil, 475 So.2d 1250 (Fla. 5th DCA 1985). On appeal, this court held that the award of attorney's fees approached the bounds of judicial propriety, but did not exceed them and therefore reluctantly affirmed the award. As to appraiser's fees, however, this court held that the record did not support the award and reversed that portion of the judgment awarding appraisal costs.
The Millers filed a motion for rehearing and reconsideration of this opinion, arguing in part that the evidence supported the award of appraiser's fees. The Millers later moved this court to allow an amendment to the motion for rehearing. The Millers pointed out that this court did not expressly state that the issue of appraiser's costs could be reconsidered by the trial court and requested this court to clarify its opinion to provide that the portion of the order pertaining to appraisal fees was reversed and remanded to the trial court for another hearing on the issue. The motion for rehearing and the motion to allow an amendment to the motion for rehearing were both denied.
After being denied relief at the appellate level, the Millers moved the trial court to assess attorney's fees and costs. After a hearing was held, the trial court declined to award the Millers attorney's fees. As to appraiser's fees, the trial court took additional testimony and then awarded the Millers the same amount previously awarded, $25,740, plus interest from the date of its original order.
When a case is appealed and the appellate court acts by issuing its mandate, *1080 the trial court must follow the dictate of the mandate and should not stray from it. Marine Midland Bank Central v. Cote, 384 So.2d 658 (Fla. 5th DCA 1980). Compliance by the trial court with the appellate mandate is a purely ministerial act. Robbins v. Pfeiffer, 407 So.2d 1016 (Fla. 5th DCA 1981).
In the previous appeal, this court reversed the award of appraiser's fees and did not remand the cause for a second hearing on the issue of fees. The matter of a remand for a second evidentiary hearing for appraiser's fees was brought up on the motion for rehearing filed by the Millers. This court denied the motion for rehearing and declined to modify its decision. Thus the trial court did not have the authority to reconsider the question of appraiser's fees. This court clearly was of the opinion that the Millers had failed to adduce sufficient evidence to support their claim for appraiser's fees and hence they were not entitled to a second "bite at the apple." See Wiley v. Wiley, 485 So.2d 2 (Fla. 5th DCA 1986).
ORDER QUASHED.
COBB and SHARP, JJ., concur.