629 So.2d 185 (1993)
Thomas POWELL and Jimmy W. Powell, Appellants,
v.
Bruce Lorenza BARNES and Alice W. Barnes, his wife, Appellees.
No. 93-130.
District Court of Appeal of Florida, Fifth District.
November 5, 1993.
Rehearing Denied December 29, 1993.
Dudley D. Allen, Jacksonville, for appellants.
Robert J. Link of Pajcic & Pajcic, P.A., Jacksonville, for appellees.
COBB, Judge.
The issue on this appeal is a simple one: What is a prevailing party's burden at an evidentiary cost hearing for recovery of expert witness fees?
In Lafferty v. Lafferty, 413 So.2d 170 (Fla. 2d DCA 1982), it was held that, upon specific objection to the setting of an expert witness fee without an evidentiary hearing (as in the instant case), the prevailing party will have to present testimony concerning the necessity and reasonableness of the fee. See also American Indem. Co. v. Comeau, 419 So.2d 670, 672 (Fla. 5th DCA 1982). Here, the *186 prevailing plaintiffs, Barnes, sought to meet their burden at the evidentiary hearing by relying solely upon one "omnibus" witness, an experienced trial attorney, who was not shown to have expertise (i.e., training or experience) in the various fields of endeavor at issue such as metallurgy, accident reconstruction, forensic economics, rehabilitation, or video graphing. The defendants (Powell) objected to this unique tactic, and the trial judge initially indicated that whereas the trial attorney probably could testify as to the necessity for hiring the various witnesses for this particular litigation, he doubted that he could testify as to the necessity of their various work efforts and the reasonableness of their charges. Unfortunately, the trial judge receded from his initial view and accepted the trial attorney as an "omnibus" expert on everything. This clearly was error.
Given the necessity for an evidentiary hearing in regard to the contested costs of $114,026.85, the plaintiffs were obligated to support their motion for the taxation of those costs by substantial, competent evidence of the services performed and the reasonable value of those services. In re Lopez' Estate, 410 So.2d 618 (Fla. 4th DCA 1982). That was not done in this case. That evidence must come from witnesses qualified in the areas concerned. The individual experts whose charges are at issue obviously would be qualified to provide such evidence; also, another qualified expert in the same field, properly informed from the trial record, could also offer competent proof of reasonableness and necessity sufficient, in and of itself, to establish a prima facie case.
Accordingly, we reverse that portion of the contested cost judgment of $114,026.85, and remand for entry of a cost judgment for the remaining amounts sought, together with a minimal hourly rate for recognized expert witnesses as provided by section 92.231, Florida Statutes (1991). Having been afforded one evidentiary hearing on costs, the plaintiffs are not entitled to a second bite at the apple. Florida Ventilated Awning Company v. Dickson, 67 So.2d 215 (Fla. 1953); Florida Power and Light v. Flichtbeil, 513 So.2d 1078 (Fla. 5th DCA 1987); Wiley v. Wiley, 485 So.2d 2 (Fla. 5th DCA 1986); Van Der Noord v. Katz, 481 So.2d 1228 (Fla. 5th DCA 1985).
REVERSED AND REMANDED FOR ENTRY OF AN APPROPRIATE COST JUDGMENT.
DAUKSCH, J., concurs.
GRIFFIN, J., concurs in part, dissents in part, with opinion.
GRIFFIN, Judge, concurring in part, dissenting in part.
I agree with the majority opinion that the Barnes could not prove reasonableness and necessity of the expert witness fees they sought to recover by offering as an "omnibus witness" a knowledgeable consumer of expert testimony. The position the Powells took at trial was equally wrong, however. The Powells contend the Barnes were required to bring to the cost hearing each expert rendering services, who had to testify concerning the work performed and the fees charged, and then another corroborating expert must testify as to the reasonableness of that work at that rate. As the majority opinion reflects, both of these contentions were wrong.
Given that litigation in this state is increasingly expert-laden, the cost of experts is so high and that none of the several cases that confirm the requirement of an evidentiary hearing where requested describes the nature or extent of the proof required to establish a prima facie case, it is surprising that this precise issue had not arisen before. But, apparently, it has not. Indeed, part of the lower court's dilemma in this case was that the arguments presented by both sides had some merit. But neither party thought expert fees could be proved exactly as we think expert fees can be proved. We say that reasonableness and necessity of expert fees can be proved by evidence from the expert who did the work or by another expert in the field.[1]
*187 In view of the lack of case law and the fact that neither party was correct in his contention to the trial court concerning the proof required, I would give the Barnes an opportunity, on remand, to prove up expert witness fees in accordance with this opinion.
NOTES
[1] The policy considerations that have engendered the need for a disinterested attorney to corroborate the fee-seeking lawyer's evidence do not apply in the context of an expert witness. Lafferty v. Lafferty, 413 So.2d 170, 171 (Fla. 2d DCA 1982).