657 So.2d 1187 (1995)
KENDALL RACQUETBALL INVESTMENTS, LTD., et al., Appellants,
v.
The GREEN COMPANIES, INC. OF FLORIDA, etc., Appellees.
Nos. 94-1592, 94-1640.
District Court of Appeal of Florida, Third District.
May 3, 1995.
Rehearing Denied August 16, 1995.
Aronovitz and Associates and Joe N. Unger; Zack, Sparber, Kosnitzky, Truxton, Spratt & Brooks, P.A., and Gary S. Brooks for appellants.
Colson, Hicks, Edison, Colson, Matthews & Gamba; Russo & Talisman and Elizabeth K. Russo, for appellees.
Before BASKIN, LEVY and GODERICH, JJ.
PER CURIAM.
The defendant, Scandinavian Health & Fitness Centers, Inc. [Scandinavian], appeals from an adverse final cost judgment. We affirm, in part, and reverse, in part.
In Green Companies, Inc., of Florida v. Kendall Racquetball Investments, Ltd., 560 So.2d 1208 *1188 (Fla. 3d DCA 1990), this court reversed the trial court's judgment. As a result, the plaintiff, The Green Companies, became the prevailing party below and on remand, filed a motion to tax costs. As a portion of costs, it requested reimbursement for the fees that were paid to the four expert witnesses who testified at trial, an architect, an appraiser, a parking engineer, and a planning and zoning consultant.
The trial court held an evidentiary hearing on the issue of costs. The plaintiff presented two witnesses. First, Herschel V. Green, Chairman of the Board of The Green Companies, testified that his corporation specializes in the building, development, and construction of both residential and commercial properties. Further, he stated that during his forty-six years as chairman, he had become familiar with the types of experts involved, the fees they customarily charge, and the methods they employ for billing. Next, over defense objection to Green's qualifications to testify as an expert on the topic of fees, he testified that the experts' bills were fair and reasonable and that he would not have paid them otherwise. Subsequently, the plaintiff presented its second witness, James Deen, the architect who presented evidence at trial. He testified regarding the services he rendered and the reasonableness thereof.
After the evidentiary hearing, the trial court entered a final judgment awarding a portion of the costs requested to the plaintiff. The trial court found that the plaintiff had presented substantial, competent evidence to support the necessity and reasonableness of the experts' fees. The cost judgment awarded the plaintiff the following: 1) fees and expenses for the services of the expert witnesses  $8,604.00 for the appraiser, $17,955.89 for the architect, $18,229.07 for the parking engineer, $3,597.33 for the planning and zoning consultant; 2) costs for depositions and court reporter fees; 3) costs for the service of the deposition subpoenas; 4) costs for duplication charges; and 5) $18,459.43 in prejudgment interest for costs. This appeal follows.
The defendant raises two points that merit discussion. First, the defendant contends that the trial court abused its discretion by awarding the plaintiff expert witness fees and expenses for the services of the appraiser, the parking engineer, and the planning and zoning consultant in the absence of substantial, competent evidence. We agree.
The prevailing party's burden at an evidentiary cost hearing to recover an expert witness fee is "to present testimony concerning the necessity and reasonableness of the fee." Powell v. Barnes, 629 So.2d 185 (Fla. 5th DCA 1993) (citing Lafferty v. Lafferty, 413 So.2d 170 (Fla. 2d DCA 1982)). In Powell, the prevailing parties "sought to meet their burden at the evidentiary hearing by relying solely upon one `omnibus witness,' an experienced trial attorney, who was not shown to have expertise (i.e., training or experience) in the various fields of endeavor at issue... ." Powell, 629 So.2d at 186. The Powell court found that "[t]he plaintiffs were obligated to support their motion for the taxation of ... costs by substantial, competent evidence of the services performed and the reasonable value of those services," Powell, 629 So.2d at 186 (citing In re Lopez' Estate, 410 So.2d 618 (Fla. 4th DCA 1982)), and that the presentation of an "omnibus witness" was insufficient to meet this burden. The Powell court explained:
That evidence must come from witnesses qualified in the areas concerned. The individual experts whose charges are at issue obviously would be qualified to provide such evidence; also, another qualified expert in the same field, properly informed from the trial record, could also offer competent proof of reasonableness and necessity sufficient, in and of itself, to establish a prima facie case.
Powell, 629 So.2d at 186.
We find, as the defendant properly concedes, that the prevailing party, the plaintiff, presented substantial, competent evidence in the form of the architect's own testimony to support the necessity and reasonableness of the fees and expenses that were awarded for his services. However, we also find that in this case, as in Powell, the prevailing party sought to meet its burden, regarding the services of the appraiser, the parking engineer, and the planning and zoning consultant, *1189 by presenting the testimony of an "omnibus witness," Mr. Green. A review of the record shows that Mr. Green was neither an expert who testified at trial nor another expert similarly qualified in the same field; rather, he was a knowledgeable consumer, and his testimony was insufficient to satisfy the need for substantial, competent evidence of the services performed and the reasonable value of those services.
We, therefore, affirm that portion of the final cost judgment awarding expert witness fees and expenses for the services of the architect, reverse those portions of the final cost judgment awarding expert witness fees and expenses for the services of the appraiser, the parking engineer, and the planning and zoning consultant, and remand for an award of expert witness fees and expenses pursuant to section 92.231, Florida Statutes (1993).
As a second point on appeal, the defendant contends that the trial court abused its discretion by awarding prejudgment interest on the costs awarded. We agree.
An award of prejudgment interest is proper where the damages are liquidated. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). Litigation costs are not liquidated damages. Williams v. Williams, 619 So.2d 972, 973 (Fla. 3d DCA 1993); Temple v. Temple, 539 So.2d 564 (Fla. 4th DCA 1989). Thus, the trial court erred by awarding prejudgment interest on costs.
As a result, we reverse that portion of the cost judgment awarding prejudgment interest and affirm the remaining uncontested portions of the final cost judgment.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.