666 So.2d 278 (1996)
Gloria STARITA, personal representative, etc., Appellant,
v.
WEST PUTNAM POST NUMBER 10164, etc., Appellee.
No. 95-633.
District Court of Appeal of Florida, Fifth District.
January 19, 1996.
Terence J. Kann of Terence J. Kann, P.A., Gainesville, for Appellant.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham Lane & Ford, P.A., Fort Lauderdale, for Appellee.
W. SHARP, Judge.
Starita appeals from a cost judgment which awarded the appellee, West Putnam Post Number 10164 (defendant below) $5,030.83. Starita argues on appeal that $3,144.38 awarded for expert witness fees should be stricken because appellee presented no witness or other qualified expert to testify as to the necessity or reasonableness of the expert witness fees awarded. We agree.
The only proof in this record to sustain the fee award is an affidavit executed by the attorney who represented the appellee below. It showed a total of $8,323.70 had been expended to depose nineteen people. The attorney's deposition is also in the record on appeal, but it is not helpful since throughout the course of being deposed he steadfastly refused to testify about the cost expenditures on the ground of "work product" privilege.
Powell v. Barnes, 629 So.2d 185 (Fla. 5th DCA 1993) is controlling authority in this district for the principle that expert witness fees cannot be imposed when the opposing party makes a specific objection (as occurred in this case), without the party seeking the award first presenting testimony that the fees were necessary and reasonable. In Powell, this court rejected the argument that a trial attorney had the required expertise to testify as to technical matters involved in that case. Here, some of the witnesses deposed appear to have been experts, and in any event the attorney refused to testify why or how any of the depositions had been reasonably required for the defense of this case. His reply throughout the deposition to any question concerning why the depositions were taken was to say he had a "work-product objection" or that the answer to the question called for disclosure of confidential information.
Appellee argues Powell is not controlling in this case because at the hearing on the fee award, the trial court deferred ruling and granted appellant additional time to conduct discovery as to the reasonableness of the discovery undertaken by appellee. Although appellant initially pursued this avenue of discovery, she dropped it, and the final hearing proceeded without record proof. The court awarded $3,144.38 for expert witness fees, which appellant opposed below and on appeal.
Giving the party who opposes imposition of expert witness fees the chance to discover and prove up his or her opponent's case misses the mark. It is the party seeking the award who has the burden and duty to present testimony concerning the necessity and reasonableness of fees sought to be charged. Powell. See also American Indemnity Co. v. Comeau, 419 So.2d 670, 672 (Fla. 5th DCA *279 1982). Accordingly we reverse the $3,144.38 awarded for expert witness fees,[1] and affirm the balance.
AFFIRMED in part; REVERSED in part.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] A party seeking fees and costs who has been afforded an evidentiary hearing is not entitled to a second bite at the apple to prove his claim. Powell v. Barnes, 629 So.2d 185 (Fla. 5th DCA 1993). See also Florida Ventilated Awning Company v. Dickson, 67 So.2d 215 (Fla. 1953); Florida Power & Light v. Flichtbeil, 513 So.2d 1078 (Fla. 5th DCA 1987), cert. denied, 520 So.2d 585 (Fla. 1988).