MICKLE, Judge.
In this consolidated appeal and cross-appeal taken from a final judgment entered on a jury verdict in a negligence action, and from a subsequent final judgment awarding fees and costs, we find reversible error only as to one issue, to wit: the award of fees and costs in favor of appellee/defendant, Michael Bradbury, was not supported by express findings that appellant/plaintiff, George Gray’s, rejection of Bradbury’s offer of judgment was unreasonable.
Prior to trial, Bradbury’s offer of judgment in the amount of $10,000.00 was rejected by Gray. The jury returned a verdict finding no negligence on Bradbury’s part. Bradbury then moved to tax attorney’s fees and costs pursuant to section 45.061(2), Florida Statutes, which provides:
If, upon a motion by the offeror within 30 days after the entry of the judgment, the court determines that an offer was rejected unreasonably, resulting in unnecessary delay and needless increase in the cost of litigation, it may impose an appropriate sanction upon the offeree. In making this determination the court shall consider all of the relevant circumstances at the time of the rejection, including:
(a) Whether, upon specific request by the offeree, the offeror had unreasonably refused to furnish information which was necessary to evaluate the reasonableness of the offer.
(b) Whether the suit was in the nature of a “test-case,” presenting the questions of far-reaching importance affecting the nonparties.
[A]n offer shall be presumed to have been unreasonably rejected by a plaintiff if the judgment entered is at least 25 percent less than the offer rejected.
This section creates a presumption that a plaintiff has unreasonably rejected an offer if the judgment rendered is at least 25% less than the offer rejected. O’Neil v. Wal-Mart Stores, Inc., 602 So.2d 1342 (Fla. 5th DCA 1992). By its terms, however, the presumption is not absolute and the trial court is required by the statute to consider “all of the relevant circumstances at the time of the rejection.” Id.; § 45.061(2), Fla.Stat. A losing plaintiff can overcome the presumption of unreasonable rejection. Id. Express findings supporting the unreasonable rejection conclusion are a prerequisite to meaningful appellate review of such fee awards. Id. In the present case, apparently swayed by Bradbury’s argument that the statute conferred no discretion on the issue of reasonableness where the verdict is 25% below the offer, the trial judge found that the offer was unreasonably rejected by Gray. Be *298 cause the trial court did not support this conclusion with express written or oral findings, we are unable to determine whether the relevant factors were taken into consideration. We therefore reverse the order awarding fees and costs and remand for further proceedings consistent with O’Neil. See also Winn Dixie Stores, Inc. v. Elbert, 590 So.2d 15 (Fla. 4th DCA 1991) (reversing and remanding with directions to trial court to determine first whether the offer was rejected unreasonably and then, if it finds it was, to determine an appropriate award of fees).
Finding no reversible error as to the remaining two issues raised in the main appeal, we affirm without discussion.
In the cross-appeal, Bradbury challenges that portion of the final judgment awarding fees and costs which disallows as taxable costs the amount of $30,519.67 representing expert witness costs. The prevailing party’s burden, at an evidentiary costs hearing, to recover an expert witness fee is “to present testimony concerning the necessity and reasonableness of the fee”. Powell v. Barnes, 629 So.2d 185 (Fla. 5th DCA 1993). In Powell, as in the instant case, the prevailing parties sought to meet their burden at the evidentiary hearing by relying solely upon the testimony of “omnibus witnesses,” namely, a trial attorney and an insurance casualty claim manager, who were not shown to have proficiency in the various fields of expertise at issue (ranging from accident reconstruction to neurosurgery). The Powell court found that “[t]he plaintiffs were obligated to support their motion for the taxation of ... costs by substantial, competent evidence of the services performed and the reasonable value of those services,” and that the presentation of an “omnibus witness” was insufficient to meet this burden. Id. at 186. The Powell court explained:
... evidence must come from witnesses qualified in the areas concerned. The individual experts whose charges are at issue obviously would be qualified to provide such evidence; also, another qualified expert in the same field, properly informed from the trial record, could also offer competent proof of reasonableness and necessity sufficient, in and of itself, to establish a prima facie case.
Powell at 186. The rationale and holding in Powell have recently been adopted by the Third District Court of Appeal in Kendall Racquetball Investments, Ltd. v. Green Companies, Inc. of Florida, 657 So.2d 1187 (Fla. 3d DCA 1995). Sub judice, the testimony of the attorney and the claims manager was insufficient to satisfy the requirement for substantial, competent evidence of the services performed and the reasonable value of those services. We therefore affirm that portion of the final judgment disallowing expert costs in the amount of $30,519.67.
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.
JOANOS and LAWRENCE, JJ., concur.