893 So.2d 666 (2005)
Amy GOLIAN and Jim Golian, Appellants,
v.
Tom WOLLSCHLAGER, D.M.D., Appellee.
No. 1D03-2746.
District Court of Appeal of Florida, First District.
February 17, 2005.
*667 Benjamin D. Rust, Tallahassee; Patrice A. Talisman of Hersch & Talisman, P.A., Miami, for Appellants.
Mary K. Simpson, Vikki R. Shirley and Elizabeth G. Demme of Huey, Guilday, Tucker, Schwartz & Williams, P.A., Tallahassee, for Appellee.
WEBSTER, J.
Appellants seek review of an adverse final judgment entered following a jury trial in their dental malpractice action. They argue that the trial court erred when it (1) denied their request for jury instructions on concurrent and intervening causes; (2) refused to permit them to question one of appellee's experts about fees he was paid by appellee's counsel in an unrelated case, or to raise the matter during closing arguments; and (3) awarded expert witness fees to appellee. We affirm as to the first two issues because appellants have failed to demonstrate an abuse by the trial court of its discretion. However, because appellee failed to present sufficient evidence regarding the necessity and reasonableness of the expert witness fees requested notwithstanding a timely specific objection, we are constrained to reverse the expert witness fees awarded.
Decisions regarding jury instructions are entrusted to the sound discretion of the trial court, and will not be disturbed on appeal absent a clear demonstration that prejudicial error occurred. E.g., Goldschmidt v. Holman, 571 So.2d 422, 425 (Fla.1990); Howell v. Winkle, 866 So.2d 192, 197 (Fla. 1st DCA 2004) (citing Goldschmidt). The test for determining whether prejudicial error occurred is whether there is a "'reasonable possibility that the jury could have been misled by the failure to give the instruction.'" Goldschmidt, 571 So.2d at 425 (quoting from Ruiz v. Cold Storage & Insulation Contractors, Inc., 306 So.2d 153, 155 (Fla. 2d DCA 1975)). Having carefully reviewed the trial transcript, we conclude that there is no reasonable possibility that the jury might have been misled by the failure to give either the standard concurring cause instruction or the standard intervening cause instruction, both of which appellants *668 requested. See Fla. Std. Jury Instrs. (Civ.) 5.1(b), 5.1(c). Accordingly, appellants have failed to demonstrate an abuse of discretion, and we must affirm. As a result, we find it unnecessary to address the somewhat more difficult subsidiary issue of whether it is even appropriate to give a concurring cause instruction when the plaintiff presents evidence that alleged negligence on the part of the defendant aggravated a preexisting injury or condition, a question not previously addressed by this court. See, e.g., Esancy v. Hodges, 727 So.2d 308, 309 (Fla. 2d DCA 1999) (holding that such an instruction is generally required); Auster v. Gertrude & Philip Strax Breast Cancer Detection Inst., Inc., 649 So.2d 883, 887 (Fla. 4th DCA 1995) (same); Marinelli v. Grace, 608 So.2d 833, 834 (Fla. 4th DCA 1992) (same); but see Thomason v. Gordon, 782 So.2d 896, 900-02 (Fla. 5th DCA 2001) (Harris, J., dissenting) (concluding that, in such circumstances, a concurring cause instruction is generally not appropriate because a defendant is responsible only for damage resulting from the aggravation of the preexisting injury or condition, and the preexisting injury or condition cannot be a cause of the aggravation).
Appellants next contend that the trial court erred when it refused to permit them to question one of appellee's experts about fees he was paid by appellee's counsel in an unrelated case, or to raise the matter during closing arguments. Our standard of review as to such issues is abuse of discretion. See, e.g., Pandula v. Fonseca, 145 Fla. 395, 398, 199 So. 358, 360 (1940) (the scope of witness cross-examination to demonstrate bias rests within the discretion of the trial court, and will not be disturbed on appeal absent a clear demonstration that prejudicial error occurred); Breedlove v. State, 413 So.2d 1, 8 (Fla.1982) (the control of comments to the jury during closing arguments is within the trial court's discretion, and will not be disturbed on appeal absent a clear demonstration that prejudicial error occurred). Our review of the trial transcript satisfies us that neither the trial court's refusal to permit appellants to question one of appellee's experts about fees he was paid by appellee's counsel in an unrelated case, nor its refusal to permit appellants to raise the matter during closing arguments amounted to an abuse of discretion. Accordingly, we affirm as to this issue, as well.
Finally, appellants complain that the trial court erred when it awarded expert witness fees to appellee notwithstanding appellee's failure, in the face of a timely specific objection, to present sufficient evidence regarding the necessity and reasonableness of the fees requested. "[U]pon a specific objection to the setting of an expert witness fee without an evidentiary hearing, the prevailing party [is required] to present testimony concerning the necessity and reasonableness of the fee." Lafferty v. Lafferty, 413 So.2d 170, 171 (Fla. 2d DCA 1982). Accord Gray v. Bradbury, 668 So.2d 296, 298 (Fla. 1st DCA 1996); Thunderbird, Ltd. v. Great Am. Ins. Co., 566 So.2d 1296, 1303 (Fla. 1st DCA 1990). Such testimony must come from witnesses qualified in the area concerned, such as the experts who did the work or other qualified experts in the same field who are properly informed by the trial record. Gray, 668 So.2d at 298; Kendall Racquetball Invs., Ltd. v. Green Cos. of Fla., 657 So.2d 1187, 1188 (Fla. 3d DCA 1995); Powell v. Barnes, 629 So.2d 185, 186 (Fla. 5th DCA 1993). In Gray, a case involving pertinent facts indistinguishable from those here, we affirmed the denial of fees because the evidence presented had been insufficient to meet the moving party's burden. 668 So.2d at 298. Accordingly, we are constrained to reverse *669 the expert witness fee award. Moreover, having been afforded one evidentiary hearing on costs, appellee is not entitled to a second opportunity to present sufficient evidence. E.g., Starita v. West Putnam Post No. 10164, 666 So.2d 278, 279 n. 1 (Fla. 5th DCA 1996); Powell, 629 So.2d at 186.
In summary, we affirm the final judgment entered in favor of appellee except to the extent it awards expert witness fees. The award of those fees is reversed.
AFFIRMED IN PART and REVERSED IN PART.
BARFIELD and BROWNING, JJ., concur.