PER CURIAM.
In this workers’ compensation appeal, Claimant argues that the Judge of Compensation Claims (JCC) abused her discretion in awarding certain prevailing party costs to the Employer/Carrier (E/C). Upon review of the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions, which the JCC is obligated to consider pursuant to Florida Administrative Code Rule 60Q-6.124(3)(e) when “determining the reasonableness of an award of cost reimbursement,” we hold that the JCC did not abuse her discretion in awarding the costs at issue here. We write to explain why we conclude that the case relied upon by Claimant to challenge the JCC’s award of costs for the pre-deposition conference between counsel for the E/C and the E/C’s independent medical examiner is not controlling.
Specifically, Claimant argues that, based on the authority of Centex-Rooney Construction Co. v. Martin County, 725 So.2d 1255 (Fla. 4th DCA 1999), it is clear that the JCC erred in awarding the costs relating to this conference. In Centex-Rooney, the district court reversed the award of the cost for conferences with an expert prior to trial, based on case law and the Uniform Guidelines. Id. at 1261. The language in the Uniform Guidelines in effect at the time Centex-Rooney was decided, however, stated that “[c]harges made by expert witnesses for reports submitted to or conferences with attorney prior to trial .... should not be taxed.” See Reeser v. Boats Unlimited, Inc., 432 So.2d 1346, 1349 n. 2 (Fla. 4th DCA 1983). The guidelines in effect now do not include such a prohibition. See In re Amendments to Uniform Guidelines for Taxation of Costs, 915 So.2d 612, 616 app. (Fla. 2005). Thus, it was within the JCC’s discretion to award such costs and we find no basis to determine that the JCC abused her discretion in so doing. Accordingly, the order is AFFIRMED.
VAN NORTWICK, WETHERELL, and ROWE, JJ., concur.