EVANDER, J.
Winter Park Imports, Inc., d/b/a Lexus of Orlando (WPI), appeals a final order taxing costs (including interest) of $500,263.73 in favor of appellees, JM Family Enterprises, Inc., JM Auto, Inc., JM Auto II, Inc., and Southeast Toyota Distributors, LLC. We affirm, in part, and reverse, in part.
WPI initiated the subject litigation by bringing an action against appellees for damages, injunctive relief, and attorney’s fees based on alleged violations of the Florida Motor Vehicle Dealer Act, sections 320.60-320.70, Florida Statutes (2005). The trial court ultimately entered summary final judgment in favor of appellees and that decision was affirmed by this court. See Winter Park Imports, Inc. v. JM Family Enters., Inc., 24 So.3d 633 (Fla. 5th DCA 2009).
In June 2010, appellees filed a motion seeking costs in the amount of $387,436.90, pursuant to section 57.041, Florida Statutes, as well as interest that accrued on said amount subsequent to entry of the final judgment.[1] Extensive documentation of the claimed costs was attached to the motion, including an affidavit from appel-lees’ lead counsel averring that all of the requested costs were “reasonably necessary to the successful resolution of this litigation.”
In response, WPI filed a memorandum objecting to the following costs sought by appellees:
1. Improper Deposition costs for charges which are not taxable.
2. Improper Video Deposition charges which are not taxable.
3. Improper Hearing Transcript costs for non-evidentiary hearings.
4. Improper Expert Witness costs for non-testifying experts.
WPI requested that the trial court disallow “all of the excess deposition charges, all of *230 the [non-evidentiary] hearing transcript charges, and all of the expert witness fees.” In its memorandum, WPI further submitted that “even if taxable under the Guidelines, the [appellees] still ha[d] to establish that the costs were reasonable under the circumstances.”
A hearing was held on appellees’ motion to tax costs on December 8, 2010. At the onset of the hearing, the parties argued as to whether WPI’s objection to the requested expert witness fees was specific enough to place appellees on notice that an evi-dentiary hearing would be required. See, e.g., Lafferty v. Lqfferty, 413 So.2d 170, 170-71 (Fla. 2d DCA 1982) (upon specific objection to setting of expert witness fees without an evidentiary hearing, prevailing party will have to present testimony concerning necessity and reasonableness of fee; if no specific objection is made, trial judge has authority to set amount of expert witness costs based upon his or her experience in these matters, together with observation of witnesses’ testimony or review of record); Catalano v. Catalano, 802 So.2d 1146 (Fla. 2d DCA 2001); Powell v. Barnes, 629 So.2d 185 (Fla. 5th DCA 1993). Appellees’ counsel then made an ore tenus motion requesting a continuance should the trial court determine that an evidentiary hearing was required. The trial court apparently concluded that an evidentiary hearing was not necessary, denied the motion for continuance, and awarded appellees the entire amount of requested costs. ($326,979.96 of the costs sought was for expert witness fees.)
On a motion to tax costs, it is the movant’s burden to show that the requested costs were reasonably necessary either to defend or prosecute the case at the time the action precipitating the costs was taken. Landmark Winter Park, LLC v. Colman, 24 So.3d 787, 788-89 (Fla. 5th DCA 2009). The Florida Supreme Court has adopted the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions (the Guidelines) to assist courts in determining the type of costs that should (or should not) be awarded to a prevailing party. See In re Amendments to Unif. Guidelines for Taxation of Costs, 915 So.2d 612 (Fla. 2005). However, by its express terms, the Guidelines are advisory only. The taxation of costs in any particular proceeding is within the broad discretion of the court. Id. at 616; see Landmark Winter Park, 24 So.3d at 788.
On appeal, WPI argues that the trial court assessed certain hearing transcript and deposition costs that are not taxable under the Guidelines. With one exception, we reject WPI’s arguments regarding these categories of costs. We cannot say that the trial court’s decision to award the costs for transcripts of non-evidentiary hearings was an abuse of discretion, particularly where it appears that the parties referenced these transcripts at subsequent hearings held in this contentious litigation. Similarly, we cannot say that it was an abuse of discretion to award costs for expediting the preparation and delivery of deposition transcripts given the “high-stakes” nature of this litigation and the time constraints that the parties were sometimes subject to. However, with regard to the costs related to video depositions, we remand for reconsideration by the trial court. While it was within the trial court’s discretion to award the videog-raphers’ per diem/appearance fees, we cannot ascertain from the record whether ap-pellees sought costs for both a transcript of the video deponents’ testimony as well as videotapes of depositions. If appellees obtained a transcript of a videotaped deponent’s testimony, it is difficult to see why it would be reasonably necessary to also purchase the videotape prior to a summary judgment hearing.
*231 While appellees’ lead counsel could properly testify[2] as to the reasonableness and necessity of deposition and transcript costs, as well as the necessity of obtaining expert witnesses, he was not qualified to testify as to the reasonable value of the expert witnesses’ services. See Powell, 629 So.2d at 186 (experienced trial attorney, who was not shown to have expertise in various fields of endeavor at issue such as metallurgy, accident reconstruction, forensic economics, etc., was not qualified to testify as to reasonableness of expert witnesses’ fees; that evidence had to come from witnesses qualified in the areas concerned); see also Starita v. West Putnam Post No. 10164, 666 So.2d 278 (Fla. 5th DCA 1996).
Powell and Starita also stand for the proposition that, as a general rule, where a party seeking fees and costs has been afforded an evidentiary hearing, it is not entitled to a second bite at the apple to prove its claim. In the instant case, appel-lees vigorously argued (and the trial court apparently agreed) that WPI’s objection to the request for expert fees was not specific enough to put appellees on notice that they would be required to present evidence as to the reasonable value of the expert witnesses’ services. While WPI’s objection could certainly have been set forth with greater clarity, we conclude that it was specific enough to preserve its objection both as to entitlement and amount of expert witness costs sought by appellees. However, our review of the transcript also leads us to conclude that had the trial court deemed WPI’s objection sufficient, it may well have granted appellees’ request for continuance. Accordingly, we believe it appropriate to remand the issue regarding appellees’ request for expert witness fees for an evidentiary hearing.
WPI also argues that because there was no trial below, any expert witness fee awarded by the trial court must be limited to the time an expert expended in the actual giving of his or her deposition testimony. We reject this argument.
The substantive right to taxation of expert witness fees as costs was created in section 92.281(2), Florida Statutes. Massey v. David, 979 So.2d 981, 941 (Fla.2008). That statute authorizes a witness fee for an expert or skilled witness who shall have testified in any cause. The Guidelines recommend an award of “a reasonable fee for deposition and/or trial testimony.” Similarly, Florida Rule of Civil Procedure 1.390(c) recognizes that expert or skilled witnesses may be awarded a reasonable fee for deposition testimony, which also may be assessed as “costs.” Coastal Petroleum Co. v. Mobil Oil Corp., 583 So.2d 1022, 1025 (Fla.1991). This rule imposes no requirement that the expert must actually testify at trial or that the deposition must actually be used at trial, only that the witness be deposed. Id.
Here, it is undisputed that the expert witnesses for which appellees sought an award of costs had given deposition testimony. Neither the Guidelines nor rule 1.390(c) specifies the factors that a trial court may consider when determining a reasonable fee for deposition or trial testimony. However, given the broad discretion granted to the trial court, we conclude that a court is not precluded from considering the time an expert expended in preparing for deposition, including the time reasonably and necessarily spent when conferring with counsel and in formulating his or her expert opinion through examination, investigation, testing, and/or research. See, e.g., Brascom v. Hillsborough Cnty. Sheriffs Office/Commercial *232 Risk Mgmt., Inc., 65 So.3d 619 (Fla. 1st DCA 2011) (Guidelines did not prohibit award for expert’s time expended in pretrial conference with counsel; it was within trial court’s discretion to grant such award). However, on remand, we caution the trial court that the supreme court has specifically stated that a trial court should exercise its discretion “in a manner that is consistent with the policy of reducing overall costs of litigation and of keeping such costs as low as justice will permit.” In re Amendments to Unif. Guidelines for Taxation of Costs, 915 So.2d at 614, 616. Furthermore, the trial court must determine that any expert witness fees incurred were reasonably necessary to defend the instant action. Landmark Winter Park, 24 So.3d at 788-89.
AFFIRMED, in part; REVERSED, in part; REMANDED.
TORPY and JACOBUS, JJ., concur.

. There was no objection below to appellees’ request for interest.

. Here, counsel’s testimony was presented, without objection, through his affidavit.