OAK SQUARE JOINT VENTURE, a Florida Joint Venture Partnership,

     Appellant,

v.

U. S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE REGISTERED HOLDERS OF BANK OF AMERICA, NATIONAL ASSOCIATION - FIRST UNION NATIONAL BANK, COMMERCIAL MORTGAGE TRUST, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2001-3, BY C-III ASSET MANAGEMENT LLC, a Delaware limited liability company, in its capacity as special servicer pursuant to the certain Pooling and Servicing Agreement dated November 1, 2011,

     Appellees.

_____/

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CASE NOS. 1D13-4232/1D13-4473

Opinion filed July 7, 2014.

An appeal from the Circuit Court for Alachua County.
Stanley H. Griffis, III, Judge.

Leonard E. Ireland, Jr. of Clayton-Johnston, P.A., Gainesville, for Appellant.

Michael P. Woodbury and Margaret Brenan Correoso of Woodbury, Santiago & Correoso, P.A., Miami, for Appellees.

PER CURIAM.

We have, sua sponte, consolidated these two appeals for dispositional purposes. In these appeals, Oak Square Joint Venture ("Oak Square") challenges a final judgment of foreclosure and a final order awarding attorneys' fees and costs. Oak Square raises several issues on appeal, all but one of which we affirm without comment. As to Appellant's claim that the trial court erred in awarding Appellee, U.S. Bank National Association ("U.S. Bank"), expert witness costs, we agree and order that those costs be stricken from the fees and costs award.

"The prevailing party's burden, at an evidentiary costs hearing, to recover an expert witness fee is 'to present testimony concerning the necessity and reasonableness of the fee.'" *Gray v. Bradbury*, 668 So. 2d 296, 298 (Fla. 1st DCA 1996) (quoting *Powell v. Barnes*, 629 So. 2d 185, 185 (Fla. 5th DCA 1993)). Importantly, "[t]hat evidence must come from witnesses qualified in the areas concerned." *Powell v. Barnes*, 629 So. 2d 185, 186 (Fla. 5th DCA 1993). "The individual experts whose charges are at issue obviously would be qualified to provide such evidence; also, another qualified expert in the same field, properly informed from the trial record, could also offer competent proof of reasonableness and necessity sufficient, in and of itself, to establish a prima facie case." *Id.*

Moreover, the movant's burden to present specific evidence of reasonableness and necessity of expert witness costs arises by virtue of the motion

2

going to an evidentiary hearing. *See id.* at 186 ("Given the necessity for an evidentiary hearing in regard to the contested costs of $114,026.85, the plaintiffs were obligated to support their motion for the taxation of those costs by substantial, competent evidence of the services performed and the reasonable value of those services.").

Here, at the evidentiary hearing, U.S. Bank only presented testimony from one person: an attorney hired to testify as to the reasonableness of fees. Not only did this witness fail to present testimony regarding expert costs, he would not have been competent to testify as to expert costs in any event because he was not "a qualified expert in the same field." *See id.; see also Gray*, 668 So. 2d at 298 ("the testimony of the attorney and the claims manager was insufficient to satisfy the requirement for substantial, competent evidence of the [expert witness] services performed and the reasonable value of those services.").

Because U.S. Bank failed to present evidence supporting its request for expert witness costs, the trial court erred in awarding those costs. Accordingly, we direct the trial court to strike the expert witness costs from the fees and costs award. We affirm the final order awarding fees and costs in all other respects, and we affirm the final judgment of foreclosure in its entirety.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

ROWE, MARSTILLER, and SWANSON, JJ., CONCUR.