IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RANDY HALL,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
Appellant,         DISPOSITION THEREOF IF FILED

v.                                    CASE NO. 1D15-4934

CLAY COUNTY AUTO PARTS
D/B/A CAP'S MARINE, A
FLORIDA CORPORATION,

Appellee.

_____/

Opinion filed June 30, 2016.

An appeal from the Circuit Court for Clay County.
Aaron Bowden, Judge.

Robert F. Kulik of Kulik Law Firm, PA, Jacksonville, for Appellant.

Michael L. Glass and Paul M. Eza of Stone, Glass & Connolly, LLP, Jacksonville,
for Appellee.

PER CURIAM.

Randy Hall appeals a final judgment awarding attorney's fees and costs to

Cap's Marine.  On appeal, Hall raises four issues, all but one of which we affirm

without comment.

Hall argues that the costs awarded to Cap's for the use of six expert witnesses must be reversed because the only evidence regarding the reasonableness of such costs came from an attorney-witness who was not a qualified expert in the same fields. See Oak Square Joint Venture v. U.S. Bank Nat'l Ass'n, 143 So. 3d 971, 972 (Fla. 1st DCA 2014) (explaining that evidence regarding the reasonableness of expert witness fees "must come from witnesses qualified in the areas concerned"). Based on the rule set forth in Oak Square we are compelled to reverse the costs awarded for expert witnesses Mann, Hamlin, Layton, and Batich because those costs lack the proper evidentiary support. However, we affirm the costs awarded for expert witnesses Rogozinski and Ratliff because the trial court reduced the costs for those witnesses by the amounts requested by Hall at the evidentiary hearing.

On remand, the trial court is directed to strike the expert witness costs except for witnesses Rogozinski and Ratliff. Id.; Field Club, Inc. v. Alario, 180 So. 3d 1138, 1142 (Fla. 2d DCA 2015); Powell v. Barnes, 629 So. 2d 185, 186 (Fla. 5th DCA 1993).

AFFIRMED in part; REVERSED in part; REMANDED with directions.

WOLF, WETHERELL, and KELSEY, JJ., CONCUR.