EVANDER, C.J.
Appellants, Alfred Belniak and Marlene Belniak, were the prevailing parties at trial below. They appeal an order denying their motion to tax costs for an expert witness. The expert testified at trial and also testified at the costs hearing as to the reasonableness of his fees. The trial court found an expert witness fee of $ 3962.50 to be appropriate, but denied the motion on the ground that Appellants had failed to call "another expert qualified in the same field" to testify as to the reasonableness of the requested fee. We reverse. A prevailing party's burden at an evidentiary cost hearing to recover an expert witness fee is to present substantial competent evidence of the services performed and the reasonable value of those services. Powell v. Barnes , 629 So.2d 185, 186 (Fla. 5th DCA 1993). That evidence can come from the individual experts whose charges are at issue or another qualified expert in the same field. Id. ; see also Oak Square Joint Venture v. U.S. Bank Nat'l Ass'n , 143 So.3d 971, 972 (Fla. 1st DCA 2014). There is no requirement that the prevailing party provide testimony from both the expert witness whose charges are at issue and a second expert. On remand, the trial court shall award costs for the expert witness fees to Appellants in the amount of $3962.50.
REVERSED and REMANDED.
BERGER and GROSSHANS, JJ., concur.