# Third District Court of Appeal

## State of Florida

Opinion filed April 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0940
Lower Tribunal No. 21-11532
_____

## Universal Property & Casualty Insurance Company,
Appellant,

vs.

## Yimi Elis Santos, et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Russo Appellate Firm, P.A., and Paulo R. Lima and Elizabeth K. Russo, for appellant.

Feiler, Leach & Chong, and Martin E. Leach, for appellees.

Before EMAS, SCALES and BOKOR, JJ.

PER CURIAM.

Universal Property & Casualty Insurance Company, the insurer and defendant in the breach of contract action below, appeals the trial court's award of attorneys' fees to the prevailing insureds. The insurer does not challenge the insureds' entitlement to fees but alleges that the amount awarded was unreasonable and unsupported by competent, substantial evidence.

The insureds received a judgment of $43,500 in their favor and moved for attorneys' fees pursuant to section 627.428, Florida Statutes (2022). They also submitted affidavits from their four attorneys attesting to their hourly rates and a total of 388.2 hours worked on the case. In opposition, the insurer submitted an itemized reduction report analyzing the billable time and requesting a reduction of 182 hours for excessive, cumulative, or ministerial work.

The trial court held a short evidentiary hearing, during which the parties proffered competing expert testimony as to the reasonableness of the hourly rates and billable hours. The insurer's expert testified that the rates and hours were grossly excessive and referred the court to the reduction report. The insureds' expert did not dispute the reported sum of 388.2 hours, but recommended that the court reduce the hours of three of the attorneys by 10 hours each as a "general reduction" to account for potential excessive time,

without any correlation to the reasonableness of specific billing records; rather, the expert testified that the reduction was based on his personal experience as a fee expert, noting that "that's just the way I do it. I made a reduction, I thought it was a fair reduction."

After the hearing, the court accepted the insureds' proposed award in totality and awarded the lodestar amount of $254,525.00 in fees, accounting for the 30-hour reduction for a total of 358.2 hours between the four attorneys. The court did not make specific findings as to the reasonableness of the rates or the billing records proffered by the insureds. This appeal followed.

We review orders on attorneys' fees for abuse of discretion. See Island Travel & Tours Ltd. Co. v. MYR Indep., Inc., 307 So. 3d 829, 831 (Fla. 3d DCA 2020). "In determining the amount of attorneys' fees to be awarded, a trial court is required to use the lodestar approach and consider the eight criteria set forth in Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985)." Universal Prop. & Cas. Ins. Co. v. Deshpande, 314 So. 3d 416, 419 (Fla. 3d DCA 2020). Under the lodestar approach, "[t]he number of hours reasonably expended, determined in the first step, multiplied by a reasonable hourly rate, determined in the second step, produces the lodestar, which is an objective basis for the award of attorney

fees." Rowe, 472 So. 2d at 1151. "Once the court arrives at the lodestar figure, it may add or subtract from the fee based upon a 'contingency risk' factor and the 'results obtained.'" Id. Additionally, "[i]n determining the hourly rate, the number of hours reasonably expended, and the appropriateness of the reduction or enhancement factors, the trial court must set forth specific findings." Id.[1]

In Deshpande, we reversed an attorney fee award in an analogous situation in which the trial court simply adopted the plaintiff's proposed fee amounts verbatim, including a flat reduction in hours, without making particularized findings as to the number of hours or the appropriateness of any reductions:

> The court did not make any specific findings as to disputed time entries which may have been excessive, vague, duplicative or ministerial. Nor did the court apply any particularized reductions or make any findings as to the appropriateness of reductions. Rather, without explanation, the court adopted the Plaintiff's fee expert's 10% blanket reduction to the number of hours expended. We find this reduction arbitrary and unsupported. Because the $441,805.14 fee award in this case is not supported

---

[1] The insureds argue that the insurer failed to preserve the issue on appeal by failing to ask for a rehearing. We disagree. See, e.g., In re Amends. to Fla. Rule of Civ. Proc. 1.530, 373 So. 3d 1115, 1115 (Fla. 2023) ("This change makes clear that the rules apply only when a judge is required to make specific findings of fact and not when a party seeks to make other challenges to a trial court's order."). Here, the insurer challenges the trial court's reliance on unsupported, or conclusory, expert testimony, in making the ultimate findings of fact.

by competent, substantial evidence, we reverse the lodestar amount.

314 So. 3d at 420; see also Citizens Prop. Ins. Corp. v. Casanas, 336 So. 3d 746, 748 (Fla. 3d DCA 2021) (same); Certain Underwriters at Lloyd's London v. Candelaria, 339 So. 3d 463, 468 (Fla. 3d DCA 2022) ("[T]he Insureds' fee expert admitted during his testimony that he did not conduct a line-item analysis of the time records as required, but instead simply reduced the hours billed by 7.5 percent with no proffered rationale for this reduction. Further, the trial court announced at the conclusion of the hearing that it was reducing the hours billed by an across-the-board cut of fifteen percent. As Lloyd's points out, we recently rejected this methodology in [Deshpande and Casanas]. . . . In the instant case—as in Deshpande—the lodestar amount is not supported by competent substantial evidence because the trial court did not make 'specific findings' as to its determination of the number of hours and, instead, applied an arbitrary, across-the-board cut of fifteen percent.").

Like Deshpande, we find the insureds' expert's use of a 10-hour-per-lawyer cut, untethered to the record, to be arbitrary. However, unlike Deshpande, we do not remand with directions for the trial court to accept the reductions proffered by the insurer's expert, as there is evidence and testimony proffered by both sides. Cf. 314 So. 3d at 420 (citing Winter Park Imports, Inc. v. JM Fam. Enters., Inc., 77 So. 3d 227, 231 (Fla. 5th DCA

5

2011) ("[A]s a general rule, where a party seeking fees and costs has been afforded an evidentiary hearing, it is not entitled to a second bite at the apple to prove its claim.")). Here, as there remain disputed issues of fact, the appropriate remedy is to remand for further development of the record and to allow the trial judge to make the appropriate findings regarding the lodestar amount. As our sister court explained:

> Generally, when the record on appeal is devoid of competent substantial evidence to support the attorney's fee award, the appellate court will reverse the award without remand for additional evidentiary findings. However, when the record contains some competent substantial evidence supporting the fee or cost order, yet fails to include some essential evidentiary support such as testimony from the attorney performing the services, or testimony from additional expert witnesses, the appellate court will reverse and remand the order for additional findings or an additional hearing, if necessary.

Diwakar v. Montecito Palm Beach Condo. Ass'n, Inc., 143 So. 3d 958, 961 (Fla. 4th DCA 2014) (citations and quotations omitted). Thus, "because the record contains some evidence which, if explained, could support the award, reversing and remanding for an evidentiary hearing is the more appropriate disposition." Black Point Assets, Inc. v. Ventures Tr. 2013-I-H-R by MCM Cap. Partners, LLC, 236 So. 3d 1134, 1137 (Fla. 2d DCA 2018).

Accordingly, we reverse and remand with instructions for the trial court to conduct an additional evidentiary hearing, affording the trial court the opportunity to consider the insurer's reduction report and make sufficient

6

findings as to the reasonable amount of billable hours, rates, and any reductions.

Reversed and remanded with instructions.