# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-665
Lower Tribunal No. 2021-CA-002428

_____

FOOT & ANKLE CENTER OF FLORIDA, LLC,

Appellant,

v.

CARLOS VARGAS, IV,

Appellee.

_____

Appeal from the Circuit Court for Collier County.
Lauren L. Brodie, Judge.

April 19, 2024

BROWNLEE, J.

Foot & Ankle Center of Florida, LLC ("FAC") appeals both the trial court's order granting summary judgment in favor of Carlos Vargas IV ("Vargas"), as well as the final order awarding Vargas damages and attorney's fees and costs, which included a contingency fee multiplier.[1]  We find merit in FAC's argument that the trial court erred in applying a multiplier in this case—where there was no evidence

_____

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

that the relevant market required a multiplier to obtain competent counsel—and reverse on that basis. As to all other issues raised, we affirm without discussion.

Vargas sued FAC, asserting a cause of action under the Florida Consumer Collection Practices Act in Count I, and seeking declaratory relief in Count II. Vargas's claims were based on his assertion that FAC placed an illegitimate lien on his worker's compensation settlement proceeds after a doctor at FAC treated Vargas for a work-related injury. Vargas later moved for summary judgment on his claims and prevailed.

The parties then proceeded to an evidentiary hearing to determine the amount of damages, as well as reasonable attorney's fees and costs. At that hearing, Vargas argued, for the first time, that he was also entitled to a contingency fee multiplier. He then presented evidence as to the reasonableness of the amount of attorney's fees and costs, including the testimony of an expert witness. For its part, FAC disputed various aspects of the fees and costs sought and challenged Vargas's entitlement to a contingency fee multiplier in a statutory fee case like this one. After the hearing, in accordance with the trial court's instructions, both parties filed memorandums of law. In its memorandum, FAC maintained that Vargas was not entitled to a multiplier and further noted that, even if he were, the evidence in this case was insufficient to support the imposition of a multiplier.

The trial court ruled in favor of Vargas, finding he was entitled to a contingency fee multiplier of 1.5. The order included specific findings in support of that determination, including a finding "that the relevant market requires the application of contingency risk multiplier to incentivize effective counsel to undertake the representation of plaintiffs in these cases, such as Plaintiff, on contingent basis[, and] that the Plaintiff could not have afforded to hire an attorney." It then awarded Vargas $500.00 in statutory damages, $5,404.59 in costs, applied the 1.5 multiplier, and awarded Vargas $14,310.00 in attorney's fees.

FAC now appeals that ruling. As it did below, FAC attacks the trial court's imposition of the multiplier, in part, because the trial court's findings were not based on competent, substantial evidence. Specifically, FAC argues there was no evidence presented as to whether the relevant market required a contingency fee multiplier to obtain competent counsel. Because we agree with FAC that there was insufficient evidence to support the imposition of a multiplier and reverse on that basis, we do not reach FAC's additional challenges to the multiplier.

We review the trial court's application of a contingency fee multiplier under the abuse of discretion standard. *See TRG Columbus Dev. Venture, Ltd. v. Sifontes*, 163 So. 3d 548, 552 (Fla. 3d DCA 2015) (citing *Sunshine State Ins. Co. v. Davide*, 117 So. 3d 1142, 1144 (Fla. 3d DCA 2013)). The trial court's findings as to the application of a multiplier must be supported by competent, substantial evidence.

3

*Universal Prop. & Cas. Ins. Co. v. Deshpande*, 314 So. 3d 416, 420 (Fla. 3d DCA 2020) (citing *Sifontes*, 163 So. 3d at 552–53); *Joyce v. Federated Nat'l Ins. Co.*, 228 So. 3d 1122, 1128 (Fla. 2017) ("[T]rial judges are not required to use a multiplier; but when they do, evidence must be 'presented to justify the utilization of a multiplier.'" (quoting *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 834 (Fla. 1990))).

According to the Florida Supreme Court, in order to justify a contingency fee multiplier, the moving party must present evidence of three factors: (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in *Rowe*[2] are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client. *Quanstrom*, 555 So. 2d at 834. "The purpose of the relevant market factor is 'to assess, not just whether there are attorneys in any given area, but specifically whether there are attorneys in the relevant market who both have the skills to handle the case effectively and who would have taken the case absent the availability of a contingency fee multiplier.'" *Impex Caribe Corp. v. Levin*, 338 So. 3d 13, 15 (Fla. 3d DCA 2022) (quoting *Joyce*, 228 So. 3d at 1135). "Importantly, 'evidence of each of these factors must be presented to justify the utilization of a

---

[2] *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985).

multiplier.'" *Certain Underwriters at Lloyd's London v. Candelaria*, 339 So. 3d 463, 470 (Fla. 3d DCA 2022) (quoting *Quanstrom*, 555 So. 2d at 834).[3]

The imposition of a multiplier in this case fails that factorial analysis right from the start. Despite the trial court's finding as to the first factor—that "the relevant market requires the application of contingency risk multiplier to incentivize effective counsel to undertake the representation of [Vargas]"—Vargas presented no evidence on this point. While the record does contain testimony from Vargas's expert witness, explaining that the purpose of the contingency fee multiplier is to incentivize attorneys to take difficult cases on a contingency basis and that Vargas could not afford to pay an attorney on an hourly basis, this testimony reveals nothing as to the relevant market or whether any local lawyers would have agreed to take Vargas's case without a multiplier. *See Levin*, 338 So. 3d at 15 (reversing imposition of a multiplier where "Levin's fees expert . . . never testified that there was a lack of well-qualified, local construction lawyers, or that it was unlikely that Levin would have found a competent lawyer to take his lien foreclosure case without the possibility of a contingency fee multiplier.").

Nor does Vargas point to any evidence establishing the relevant market factor in his briefing. Rather, Vargas asserts there was evidence from which the trial court "could have reasonably inferred—in a way that is not 'arbitrary, fanciful, or

---

[3] Neither party challenges the applicability of the *Quanstrom* factors.

unreasonable'"—that the relevant market required a contingency fee multiplier. That, however, is not the standard. Contrary to Vargas's assertions, the record must contain competent, substantial evidence of the first factor in order to support the imposition of a multiplier. *See Deshpande*, 314 So. 3d at 421 ("Because the record is devoid of any evidence that the relevant market required a contingency fee multiplier to obtain competent counsel, we reverse the trial court's application of a multiplier."); *Sun Bank of Ocala v. Ford*, 564 So. 2d 1078, 1079 (Fla. 1990) ("[T]here should be evidence in the record, and the trial court should so find, that without risk-enhancement plaintiff would have faced substantial difficulties in finding counsel in the local or other relevant market." (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 731, 107 S. Ct. 3078, 3089, 97 L.Ed.2d 585 (1987))); *see also Lane v. Head*, 566 So. 2d 508, 513 (Fla. 1990) (Overton, J., concurring) (explaining that in public interest cases, "no enhancement for risk is appropriate unless the applicant can establish that without an adjustment for risk the prevailing party would have faced substantial difficulties in finding counsel in the local or other relevant market." (quoting *Quanstrom*, 555 So. 2d at 832) (internal quotation marks omitted)). And, as the party seeking fees, the onus was on Vargas to establish he "would have difficulty securing counsel without the opportunity for a multiplier." *Levin*, 338 So. 3d at 15.

6

Because no such evidence exists in this case, we reverse the trial court's imposition of the contingency fee multiplier. We do so without remanding for further proceedings on this point. *See Deshpande*, 314 So. 3d at 420 ("Generally, when an attorney's fee or cost order is appealed and the record on appeal is devoid of competent substantial evidence to support the order, the appellate court will reverse the award without remand." (quoting *Brake v. Murphy*, 736 So. 2d 745, 748 (Fla. 3d DCA 1999))). As the Fifth District put it: "[W]here a party seeking fees and costs has been afforded an evidentiary hearing, it is not entitled to a second bite at the apple to prove its claim." *Winter Park Imports, Inc. v. JM Family Enters., Inc.*, 77 So. 3d 227, 231 (Fla. 5th DCA 2011). Accordingly, we remand solely for the trial court to enter a judgment that does not include the application of a contingency fee multiplier.

AFFIRMED in part; REVERSED in part.

NARDELLA and SMITH, JJ., concur.


Christopher DeCosta, of Mahshie & DeCosta P.A., Fort Myers, for Appellant.

Jordan T. Isringhaus, of Swift Law, PLLC, St. Petersburg, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED